# PECKHAM *v.* HENKEL, UNITED STATES MARSHAL.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR
·THE SOUTHERN· DISTRICT OF NEW YORK.

No. 366.    Argued January 6, 7, 1910.—Decided February 21, 1910.

*Haas* v. *Henkel, ante,* p. 462, followed as to jurisdiction of commissioner under § 1014, Rev. Stat., in removal proceedings to remove accused who has been indicted in more than one district.

The fact that the person whose removal is sought, is under bond to appear in other removal proceedings on prior indictments, does not prevent the removal order being issued. The effect could only be to exonerate the sureties.

The rule that the jurisdiction over the person by one Federal court must be respected until exhausted is one of comity only, and has a limited application in criminal cases. It will not prevent removal under § 1014, Rev. Stat., where the cases are not the same.

Even if a second removal proceeding does amount to an election by the Government to abandon the first complaint, that fact does not affect the jurisdiction of the commissioner.

Disregard of comity between Federal courts at the instance of the Government is not an invasion of constitutional rights of the accused. . It does not affect the jurisdiction of the commissioner, and even if his decision is erroneous it cannot be attacked on *habeas corpus.* *Habeas corpus* is not writ of error.

166 Fed. Rep. 627, affirmed.

THE facts are stated in the opinion.

*Mr. Nash Rockwood* and *Mr. Henry E. Davis,* with whom *Mr. Max Steuer* was on the brief, for appellant.[1]

─────────────────────────────
[1] For abstract of argument, see p. 463, *ante.*

*Mr. Assistant Attorney General Fowler,* with whom *Mr. Jesse C. Adkins* was on the brief, for appellee.

MR. JUSTICE LURTON delivered the opinion of the court.

This is an appeal from a judgment of the Circuit Court denying the application of the appellant to be discharged from arrest on a writ of *habeas corpus* and remanding him to the custody of the marshal.

The case differs from the case of *Haas* v. *Henkel,* just disposed of, only in certain particulars; otherwise it is governed by the opinion in that case.

1. Peckham is included in only two of the indictments against Haas, namely, Nos. 26,086 and 26,087. The first charges a conspiracy with Edwin S. Holmes, Jr., and Moses Haas to defraud the United States; the other with a conspiracy with Haas, and others unknown, to commit an offense against the United States, that of bribing Holmes, an Assistant Statistician in the Department of Agriculture, to do an act in violation of his official duty.

Neither of the indictments found in the District of Columbia against Peckham include the count charging a conspiracy to bribe Holmes to falsify one of the official cotton crop reports.

In all other matters this appeal is controlled by the opinion and judgment in the *Haas case,* unless a different result must follow from the facts now to be stated.

In 1905 three indictments were returned against Peckham, Holmes and Haas in the Supreme Court of the District of Columbia, charging them with conspiring to defraud the United States and to commit an offense against the United States. A warrant for Peckham's arrest was issued in the Northern District of New York upon a complaint filed with the commissioner for his removal to the District of Columbia for trial. Peckham appeared and waived examination, and gave bail for his appearance in the District of Columbia court to answer the indictments there pending. Subsequently his

sureties surrendered him, pursuant to § 1018, Rev. Stat., whereupon the commissioner issued a warrant recommitting him to the custody of the United States marshal for the Northern District of New York. Thereupon he applied to District Judge Ray of that district for a writ of *habeas corpus,* alleging, upon the facts stated, that his detention was contrary to law and in violation of the Constitution of the United States, for that the aforesaid indictments did not charge any crime or offense against the United States. Upon a hearing before Judge Ray the petition was dismissed, the writ denied, and Peckham remanded to the custody of the marshal, and an order made at the same time for his removal to the District of Columbia. From this judgment an appeal was at once allowed to the Circuit Court of Appeals for the Second Circuit. In consequence of this, Judge Ray directed that the execution of the removal order made by him be stayed until the appeal should be disposed of. That stay order was made January 10, 1906, and was still in force when, in November, 1908, the proceedings for his removal to answer the 1908 indictments were had. The pendency of the proceedings for his removal from the Northern District of New York to answer the District of Columbia indictments found in 1905, and of his appeal from the judgment of the Circuit Court for that district, and the order made staying the removal order made in the proceedings referred to, were shown in evidence before the commissioner in the proceedings under review in the present appeal, as a legal obstacle to any order of removal to answer the 1908 indictments, and also as evidence bearing upon the defense of the statute of limitations as a bar to those indictments. The 1905 indictments are for similar offenses to those charged in the later indictments of 1908; but they are not for the same offenses. They charge a conspiracy at a different time and with respect of different cotton reports, and were, therefore, offenses distinct from those included in the later indictments.

But it is said that while the removal proceedings in the Northern District of New York are pending appellant cannot

be removed under the later complaint without disregarding
the jurisdiction over his person which first attached by virtue
of the prior effort to remove him to the District of Columbia.
That Peckham is under bond to appear and comply with the
order of removal made by Judge Ray, and, therefore, con-
structively in the custody of his sureties, must be conceded.
But if the performance of the condition of that bail bond is
rendered impossible by his removal in these subsequent pro-
ceedings, at the instance of the United States, the effect may
be to exonerate his sureties. *Taylor* v. *Taintor,* 16 Wall. 371;
*Beavers* v. *Haubert,* 198 U. S. 77, 85. But it is said that re-
moval to the District of Columbia is forbidden under Judge
Ray's order of January 10, 1906, and that a removal under the
order made by the commissioner in the proceedings now under
review will invalidate the order of Judge Ray.

This is a fanciful claim. He will not be removed under or in
pursuance of the original order of removal, execution of which
has been stayed, but under an order made in an altogether
distinct and subsequent proceeding to answer distinct offenses.

Finally, it is said that the jurisdiction of the court for the
Northern District of New York, having attached to the person
of appellant, must be respected as exclusive until its jurisdic-
tion is exhausted.

The rule is one of comity only, and has a wide application
in civil cases, but a limited one in criminal cases. See *In re
Johnson,* 167 U. S. 120, 125, and *Beavers* v. *Haubert,* 198 U. S.
77, 84. But when, as here, the subsequent proceedings for the
removal of appellant are to answer indictments later found for
other and distinct offenses, the question is quite a different
one, for the "cases" are not the same. That they are "cases"
against the same offender is not of itself sufficient to constitute
the second proceedings void as an unlawful interference with
the jurisdiction of the District Court for the Northern District
of New York. The present case differs upon this point from
that of *Beavers* v. *Haubert,* in that the consent of the court of
prior jurisdiction was not obtained as in that. In that case

the court reserved the question as to "whether the Government had the right of election, without such consent," to proceed in either of the two districts in which indictments were pending. But there is here no question of electing whether to try in the Northern District of New York or in the District of Columbia, but whether it would elect, between the two removal proceedings, the object of each being to remove the appellant to the same place for trial. The institution of the second removal proceeding without the consent of the Circuit Court for the Northern District of New York may very well be regarded as an election by the United States, the plaintiff in both cases to abandon the first complaint. But aside from this, and assuming, without deciding, that the removal proceedings were in disregard of the prior proceedings, and therefore erroneous, the jurisdiction of the commissioner was not affected. No constitutional right of the appellant was invaded. A petition for a writ of *habeas corpus* is not a writ of error. The error, if any, was a mere disregard of a rule of comity, which is not reversible in a proceeding of this character.

In principle, the case is governed by Beavers v. *Haubert,* and the final order of the Circuit Court is

*Affirmed.*

Brewer, J., concurring.

I concur in affirming the orders of removal in these cases, but my concurrence must not be taken as holding that the indictments will stand the final test of validity or sufficiency. Assuming that there is a doubt in respect to these matters, as I think there is and as seems to be suggested by the opinion in No. 367, I am of the opinion that such doubt should be settled by direct action in the court in which the indictments were returned and not in removal proceedings.

Mr. Justice McKenna concurs in the result, but reserves opinion whether the facts alleged in the indictment constitute a conspiracy to defraud the United States.