## UNITED STATES ex rel. VOIGT v. TOOMBS.

### No. 7044.

Circuit Court of Appeals, Fifth Circuit.

Dec. 7, 1933.

Brantly Harris and Sadie Bevilacqua, both of Galveston, Tex., for appellant.

H. M. Holden, U. S. Atty., and M. S. McCorquodale, Asst. U. S. Atty., both of Houston, Tex., for appellee.

Before BRYAN, SIBLEY, and HUTCHESON, Circuit Judges.

BRYAN, Circuit Judge.

An indictment was returned in the Southern District of Texas against Oscar E. Voigt and others, charging a conspiracy to smuggle intoxicating liquor into the United States. Voigt was arrested in the Eastern District of Texas, and held by order of a United States commissioner for removal pursuant to 18 USCA § 591. On his application, the judge for the Eastern District issued a writ of habeas corpus and released him on bail pending a hearing. Before the arrival of the date set for the hearing, and while he was temporarily in San Antonio, in the Western District, two United States customs officers, acting without warrant for his arrest, seized him and forcibly brought him back into the Southern District where they placed him in jail, and then procured a capias under which he was held for trial on the indictment. He then sued out a writ of habeas corpus in the Southern District claiming the right to return to the Eastern District, and insisting that until the court of that district should order his removal the court for the Southern District could not acquire jurisdiction over his person. From an order discharging the second writ of habeas corpus and remanding him to custody for trial, Voigt has taken this appeal.

The District Court for the Southern District acquired jurisdiction over the person of appellant by reason of the service of process upon him within that district. It is well settled in the courts of the United States that jurisdiction once acquired in a criminal case is not impaired by the manner in which the accused is brought before the court. Ker v. Illinois, 119 U. S. 436, 7 S. Ct. 225, 30 L. Ed. 421; Mahon v. Justice, 127 U. S. 700, 8 S. Ct. 1204, 1211, 32 L. Ed. 283; Cook v. Hart, 146 U. S. 183, 13 S. Ct. 40, 36 L. Ed. 934; Pettibone v. Nichols, 203 U. S. 192, 212, 27 S. Ct. 111, 51 L. Ed. 148, 7 Ann. Cas. 1047. See, also, Ex parte Lamar (C. C. A.) 274 F. 160. In Mahon v. Justice, supra, upon a review of the authorities the Supreme Court said that the decisions all proceed upon the theory "that the offender against the law of the state is not relieved from liability because of personal injuries received from private parties, or because of indignities committed against another state"; and then added: "It would indeed be a strange conclusion if a party charged with a criminal offense could be excused from answering to the government whose laws he had violated because other parties had done violence to him, and also committed an offense against the laws of another state." In that case a distinction is taken between civil and criminal cases. In the former the party who is guilty of fraud or violence in bringing a defendant within the jurisdiction cannot invoke the aid of the court; whereas in a criminal case

wrong will not be imputed to the sovereign. The cases above cited, it is true, had to do with jurisdiction as between states; but in Re Johnson, 167 U. S. 120, 17 S. Ct. 735, 42 L. Ed. 103, where the question was which of two district courts of the United States had jurisdiction, the same doctrine was announced and applied. In Ker v. Illinois, supra, it is recognized that, while in the trial of a criminal case the court will not stop to inquire whether the rights of the accused were violated in securing his presence for trial, yet the accused may have his remedy against his abductors or kidnapers by a civil suit for false imprisonment. And of course officers who violate the criminal law by abducting or kidnaping even individuals charged with crime are not immune from prosecution and punishment.

The order appealed from is affirmed.

SIBLEY, Circuit Judge (concurring).

To what has been said I would like to add this: Any comity due to the court of the Eastern District because of the habeas corpus proceeding there pending was observed, in that the judge of the Southern District made his habeas corpus returnable at the very time and place that that in the Eastern District was set for hearing, and it was passed on by the judge of the Eastern District who had authority to sit in both districts. In taking up first the later case the court necessarily waived any priority of possession of Voigt's person which the former proceeding might have claimed. Voigt himself had no right to have comity observed. Beavers v. Haubert, 198 U. S. 77, 25 S. Ct. 573, 49 L. Ed. 950; Peckham v. Henkel, 216 U. S. 483, 30 S. Ct. 255, 54 L. Ed. 579.