## FLORIO v. EDWARDS.

### No. 7831.

Circuit Court of Appeals, Fifth Circuit.

Dec. 12, 1935.

Rehearing Denied Jan. 7, 1936.

R. A. Hendricks and B. E. Hendricks, both of Miami, Fla., for appellant.

John W. Holland, U. S. Atty., of Jacksonville, Fla., for appellee.

Before SIBLEY, HUTCHESON, and WALKER, Circuit Judges.

SIBLEY, Circuit Judge.

Appellant, Anthony Florio, was arrested in Florida on a sworn information charging him with a federal offense, stealing at New Haven, in Connecticut, certain goods moving as a shipment in interstate commerce; and after a hearing the United States Commissioner on April 13, 1935, committed him, certifying to the District Court that there was probable cause sufficient to warrant an order of removal. On April 15th, while Florio was held by the marshal awaiting such order, the prisoner brought habeas corpus praying his release from custody. The petition made no attack on the hearing before the Commis-

sioner, and did not claim that the evidence in that hearing was insufficient, but alleged that the Commissioner and the federal court had no jurisdiction over his body because prior to his arrest on the federal warrant the Governor of Connecticut had sought to extradite him for a state offense growing out of the same transaction, the extradition had been granted by the Governor of Florida, Florio had then brought habeas corpus in a state court, and having been remanded to the custody of the agent of the state of Connecticut and an appeal being taken to the Supreme Court of Florida, that Florio was released on a bond conditioned for his appearance in the city court in New Haven, Conn., within thirty days after the mandate of the Supreme Court should be filed, in case the judgment was affirmed. The petition to the District Court also averred that Florio did not commit the alleged crime and was not in the state of Connecticut when it was committed, and was not a fugitive from justice. The response of the marshal set up the Commissioner's commitment of Florio and admitting all the proceedings in the state court as alleged, denied that Florio was in the custody of state officers when arrested and that he had not been in Connecticut when the crime was committed, and averred that he was in Connecticut at the commission of the crime and was at liberty when arrested. The response was traversed. The evidence showed extradition and state court proceedings as set forth in the petition, and that Florio was out on bond pending a decision by the Florida Supreme Court when arrested on the federal warrant. It was in conflict on the point whether he was in New Haven at the time at which the crime was alleged to have been committed. No evidence was introduced as to the fact of the theft and Florio's participation in it except the information in the District Court of Connecticut sworn to by the Assistant District Attorney there. In the bill of exceptions which was made up in lieu of a statement of the evidence it is said, "The court refused to discharge the petitioner and held there was sufficient evidence and the court had jurisdiction to remove petitioner," but the only judgment passed was that the petition be denied and that Florio be remanded to the custody of the marshal. From that judgment, this appeal is taken.

This was not a hearing before the judge for an order of removal. No such order was ever asked for or granted. On a hearing for removal the duty of the judge is liberally stated in United States v. Andrade (D.C.) 10 F.(2d) 572, affirmed (C.C.A.) 16 F.(2d) 776. A late discussion of the nature and the effect of the Commissioner's action when assailed by habeas corpus proceedings is to be found in United States ex rel. Hughes v. Gault, 271 U.S. 142, 46 S.Ct. 459, 70 L.Ed. 875. No question was even raised in the present case of the sufficiency of the evidence before the Commissioner to show probable cause. The issues tried were those made by the response to the writ of habeas corpus and the traverse of it, and to these issues alone was the evidence directed and to them the judgment is confined. The judgment denies Florio his liberty and remands him to the marshal's custody. He is subject to seasonable removal under 18 U.S.C.A. § 591 should the judge hereafter order it. We suppose no order for present removal was granted, or has been moved for, because of the pendency before the state courts of Florio's habeas corpus proceedings, it being intended in case of affirmance by the Supreme Court of Florida to recognize in the state courts a priority of right to possession of Florio's body. Whether due comity would under the special circumstances require this we are not now called on to say. We think, however, as did the District Judge, that there was nothing in the situation to prevent the federal authorities from causing the arrest of Florio to secure his answering to the federal charge. He was out on bond conditioned for his appearance in New Haven before a state court in the event a certain judgment should be affirmed. Should it be reversed, he was not bound to appear anywhere. In case of affirmance, he was merely an accused person on bail awaiting trial. One out on bail for a state offense may generally be arrested for a federal offense without any breach of comity, and if it be otherwise, the state authorities only can raise the question of comity; the prisoner cannot. See Hebert v. Louisiana, 272 U.S. 312, 47 S.Ct. 103, 71 L.Ed. 270, 48 A.L.R. 1102; Peckham v. Henkel, 216 U.S. 483, 30 S.Ct. 255, 54 L.Ed. 579; Beavers v. Haubert, 198 U.S. 77, 25 S.Ct. 573, 49 L.Ed. 950; Ponzi v. Fessenden, 258 U.S. 254, 42 S.Ct. 309, 66 L.Ed. 607, 22 A.L.R. 879. The point that the federal proceedings for arrest name no district in Connecticut to which Florio is to be returned is without

merit. There is but one district in Connecticut. 28 U.S.C.A. § 147.

There was no error in the judgment entered. Should the prisoner hereafter desire the judge to review the Commissioner's finding of probable cause before granting an order of removal, this judgment will not stand in the way.

Affirmed.