**PARKER et al. v. McDERMITT, United States Marshal, et al.**

No. 5891.

District Court, D. New Jersey.

April 5, 1938.

James Mercer Davis, of Camden, N. J., and George S. Silzer, and Harry Green, both of Newark, N. J., for complainants.

John J. Quinn, U. S. Atty., of Red Bank, N. J., for defendants.

AVIS, District Judge.

The bill of complaint is filed by and on behalf of Ellis H. Parker and Ellis H. Parker, Jr., against whom an indictment has been returned by the grand jury of the United States District Court for the Eastern District of New York, and upon which indictment application had been made by the authorities of that district to the authorities of the District of New Jersey for the removal of said Parkers to the Eastern District of New York for the purposes of trial. Upon this request a complaint was filed in this district and a warrant duly issued. This warrant required the marshal of the District of New Jersey to apprehend the said Parkers and produce them before the United States District Court for the District of New Jersey at Newark in said district.

Other complainants in said bill are Abram Gerber, John N. Chant, and Willitt D. Shinn, who are sureties for the appearance of said Parkers in this court, by reason of an appeal taken by them to the Circuit Court of Appeals of the Third Circuit after their conviction and sentence in this court on an indictment duly returned against them, and tried herein.

The bill of complaint alleges, and the affidavits aver, that the warrant hereinbefore referred to required the marshal to return said defendants to Newark for hearing in the removal proceedings, and that the deputy marshals having in their pos-

session the said warrant of arrest signified their intention of strictly complying with the terms thereof, in spite of the fact that counsel for the Parkers insisted 'that they be taken before the nearest United States commissioner, or the nearest judicial officer having jurisdiction, for a hearing, commitment, or taking bail for trial.

This insistment of counsel was based upon the act of Congress found in 18 U.S.C.A. § 595, and reads as follows: "It shall be the duty of the marshal, his deputy, or other officer, who may arrest a person charged with any crime or offense, to take the defendant before the nearest United States commissioner or the nearest judicial officer having jurisdiction under existing laws for a hearing, commitment, or taking bail for trial, and the officer or magistrate issuing the warrant shall attach thereto a certified copy of the complaint, and upon the arrest of the accused, the return of the warrant, with a copy of the complaint attached, shall confer jurisdiction upon such officer as fully as if the complaint had originally been made before him, and no mileage shall be allowed any officer violating the provisions hereof."

The bill of complaint asserts that the sureties aforesaid have an interest in the action, and are entitled to relief because of their property interest as such sureties, and that the Parkers are entitled to the restraint because of the fact that the defendants threatened to violate the provisions of the aforesaid act.

Upon the filing of the bill, supported by affidavits verifying its allegations, an order to show cause was issued, returnable March 31, 1938, at 10:30 a. m.

The question of right to equitable restraint as against the enforcement of the criminal laws has been raised and argued. The United States attorney contends that the allegations of the bill of complaint and affidavits do not justify the court in granting an injunction staying in any manner a criminal prosecution, because the only cases in which such action may be taken is where there is an allegation of the unconstitutionality of the statute under which the procedure is being had, and property rights are affected.

■ We are satisfied that the surety complainants have no property rights that can be injured in such removal. The Parkers are now held in bail in this court on the appeal from the conviction herein noted, and are regarded as in their custody. The

constructive custody which the sureties have is a continuance of the original imprisonment, and, if this court orders the removal of Parkers to another jurisdiction, I am satisfied that the result will be the discharge of the sureties. See Taylor v. Taintor, Treasurer, 16 Wall. 366, 83 U.S. 366, 21 L.Ed. 287; Peckham v. Henkel, United States Marshal, 216 U.S. 483, 486, 30 S.Ct. 255, 256, 54 L.Ed. 579.

The next question to be determined is the right of the Parkers to be taken before a United States commissioner or a judicial officer, other than the nearest one having jurisdiction under existing law for a hearing, commitment, or taking of bail for trial.

The usual practice in cases of removal is stated fully in the case of United States v. Yarborough, D.C.W.D.Va., 122 F. 293, wherein the court stated on page 296: "While there are numerous officers given authority by section 1014 [18 U.S.C.A. § 591] to hold the preliminary hearing of one arrested for removal to another district, it is preferable that, after the arrest, the accused should be taken before the nearest United States commissioner."

The court discussed the subsequent proceedings, including "Probable Cause," "Sufficiency of Indictment or Complaint," and "Notice of Application for Warrant of Removal." I am satisfied that the practice defined in that case is the ordinary practice, and seems to be sustained by other cases which I have examined.

■ Under this case notice must be given of the time and place that a hearing will be had before the judge. See Beavers v. Henkel, 194 U.S. 73, 24 S.Ct. 605, 48 L.Ed. 882; Tinsley v. Treat, United States Marshal, 205 U.S. 20, 29, 30, 27 S.Ct. 430, 432, 433, 51 L.Ed. 689; In re Beshears, D.C. S.D.Iowa, 79 F. 70; United States v. Beiner, D.C.W.D.Pa., 275 F. 704; United States v. Johnston, D.C.W.D.Wash.N.D., 292 F. 491.

■ The United States attorney argues that the statute aforesaid is a procedural statute regulating the action of the marshals and was not intended to apply to, or protect, the individual arrested. While it is true that the statute was originally a part of an appropriation act and that most of the cases relate to mileage and fees of marshals, the Supreme Court in the case of Pettit v. Walshe, 194 U.S. 205, 24 S.Ct. 657, 48 L.Ed. 938, uses it as applying to the arrested party.

The court said on pages 219, 220, 24 S.Ct. on page 661: "While the view just stated, has some support in those parts of the act of 1848, 'and § 5270 of the Revised Statutes [18 U.S.C.A. § 651] which provide for the accused being brought before the justice, judge, or commissioner who issued the warrant of arrest, it is not consistent with the above proviso in the Sundry Civil Act of August 18th, 1894, the language of which is broad enough to embrace the case of the arrest by a marshal, within the district for which he was appointed, of a person charged with an extraditable crime committed in the territories of Great Britain, and found in this country. By that proviso it is made the duty of a marshal arresting a person charged with any crime or offense to take him before the nearest circuit court commissioner or the nearest judicial officer, having jurisdiction, for a hearing, commitment, or taking bail for trial in cases of extradition. The commissioner or judicial officer here referred to is necessarily one acting as such within the state in which the accused was arrested and found. So that, assuming that it was competent for the Marshal for the District of Indiana to execute commissioner Shields' warrant within his district, as we think it was, his duty was to take the accused before the nearest magistrate in that district, who was authorized by the treaties and by the above acts of Congress to hear and consider the evidence of criminality. If such magistrate found that the evidence sustained the charge, then, under § 5270 of the Revised Statutes, it would be his duty to issue his warrant for the commitment of the accused to the proper jail, there to remain until he was surrendered under the direction of the national government, in accordance with the treaty. Instead of pursuing that course, the Marshal arrested Walshe, and in his return to the writ of habeas corpus distinctly avowed his purpose, unless restrained by the court, to take the prisoner at once from the state in which he was found, and deliver him in New York, before Commissioner Shields, without a hearing first had in the state of Indiana before some authorized officer or magistrate there sitting, as to the evidence of the criminality of the accused. The circuit court adjudged that the Marshal had no authority to hold the accused in custody for any such purpose; and, the Marshal declining to amend his return, and not avowing his intention to take him before a judicial officer or magistrate in Indiana for purposes of hearing the evidence of criminality, the prisoner was properly discharged from the custody of that officer."

In the case of United States v. Puleston, 5 Cir., 106 F. 294, which was a mileage case, the court on page 298 said: "In two of the items in question in this case, it is claimed that the district attorney directed the marshal to carry the prisoner otherwise than before the nearest commissioner. Of course, we can recognize no authority of the district attorney to make exceptions to the law."

If, as I have determined, the statute is general in its nature, and is for the benefit of all parties arrested, it will be noted that it is made the duty of the marshal, his deputy, or other officer, who may arrest a person charged with any crime or offense, to take the defendant before the nearest United States commissioner or the nearest judicial officer having jurisdiction under existing laws, etc., and I am satisfied that this is the duty of the marshal and his deputies in all cases of arrest.

At the time the bill of complaint was filed, and the order to show cause issued, representations had been made by the deputy marshal in charge of the warrant issued that he intended to violate the provisions of this statute, and the issuance of the rule and restraint I believe was justified. An officer of the United States acting in violation of the clear directions of a statute may be restrained, and directed to obey the law. This does not interfere with or prevent the prosecution of a criminal case. The court may protect citizens in their constitutional or statutory rights. Such action is easily distinguished from the cases which involve restraint against prosecution.

Since that time a new condition is presented. The defendants have surrendered the custody of this court, and have given surety for their appearance before this court. According to the statement of the United States attorney, there is no warrant now in existence upon which a contemplated arrest is to be made. In fact, no warrant could now be served, as the defendants are in effect in custody, and may be required to appear before any judge of the district in answer to the removal proceedings, unless directions are given to arraign them primarily before a commissioner in accordance with the usual practice. The whole State of New Jersey is

one United States District Court, and this case may be disposed of by any one of the four judges.

There is nothing in the act of Congress referred to, or any other act that I know of, regulating the place of final hearing in cases of this character, or designating the judge before whom such cases shall be heard.

Under the present circumstances of the case, it is clear that no preliminary injunction or restraint should be issued, and that the temporary restraint contained in the order to show cause should be discharged.

Order accordingly.