## STAMPHILL v. JOHNSTON.
### No. 10369.

Circuit Court of Appeals, Ninth Circuit.
May 24, 1943.
Rehearing Denied June 29, 1943.

Dale Stamphill, of Alcatraz, Cal., pro se.

Frank J. Hennessy, U. S. Atty., and A. J. Zirpoli, Asst. U. S. Atty., both of San Francisco, Cal., for appellee.

Before WILBUR, MATHEWS, and STEPHENS, Circuit Judges.

WILBUR, Circuit Judge.

This is an appeal in forma pauperis from an order of the District Court of the United States for the Northern District of California denying a petition for writ of habeas corpus. Petitioner, hereinafter called the appellant, alleges that he is a prisoner in the custody of the respondent, James A. Johnston, Warden of the United States Penitentiary, Alcatraz, California, under commitment issued out of the District Court of the United States for the Western District of Oklahoma, pursuant to sentence of that court upon judgment of conviction therein of an offense against the laws of the United States. He claims that the sentence of the District Court which he is now serving is subject and subordinate to a sentence of life imprisonment theretofore imposed upon him by a state court of Oklahoma. The appellant was serving the Oklahoma sentence when he was surrendered by the warden of the State Penitentiary of Oklahoma to the United States marshal for the Western District of Oklahoma for trial in the federal court which resulted in his conviction and the sentence he is now serving in the federal penitentiary at Alcatraz.

Appellant's claim that he should be restored to the state penitentiary to finish the service of the state sentence there before being required to serve his federal sentence in the United States penitentiary at Alcatraz is based in part upon the form of the writ of habeas corpus ad prosequendum under which he was delivered to the United States marshal for trial in the federal court, and in part upon the theory that the state court having first acquired jurisdiction over him he has a right to insist upon his imprisonment under the state judgment of conviction notwithstanding a subsequent conviction for a federal offense.

The writ of habeas corpus issued by the federal court for the Western District of

Oklahoma contains the following provision: "* * * to proceed to the Oklahoma State Penitentiary at McAlister Oklahoma, and there take * * * Dale Stamphill * * * now detained in said institution, and keep them in your custody and bring them before the United States District Court for the Western District of Oklahoma, at Oklahoma City, Oklahoma, on Oct. 25th, 1937, at 10:00 o'clock a. m., so that the said Dale Stamphill, * * * may be tried in this cause now pending in this court, wherein they are charged with violation of Section 408a, Title 18 U.S.C.A. And when final disposition has been made of the above styled and numbered cause, you shall return the said defendants to the Oklahoma State Penitentiary at McAlister, Oklahoma."

The United States marshal, in his return of the writ of habeas corpus ad prosequendum, stated that he "placed the appellant in the Oklahoma County jail to await further action of the court as within I am commanded."

Defendant was tried in the federal court on October 25th and 26th, 1937, and convicted of violation of 18 U.S.C.A. § 408a, and was sentenced to life imprisonment.

On October 29, 1939, appellant was taken to the United States penitentiary at Leavenworth, Kansas, by the marshal on the commitment thereto and has since been transferred to the United States penitentiary at Alcatraz where he is now confined.

 There is no doubt that the state of Oklahoma, having first acquired jurisdiction over the appellant, was entitled to retain him in custody until he had finished his sentence and could not be required to surrender him to the custody of the United States marshal for trial in the federal court for an offense committed in violation of federal law. Ponzi v. Fessenden, 1922, 258 U.S. 254, 42 S.Ct. 309, 66 L.Ed. 607, 22 A.L.R. 879. Cf. Ableman v. Booth, 21 How. 506, 62 U.S. 506, 16 L.Ed. 169, and 28 U.S.C.A. § 453. However, in this case the state authorities did in fact surrender the appellant to the federal authorities and thus in effect gave the federal court jurisdiction to try the appellant and to render judgment of imprisonment against him and to execute that judgment. The personal presence of a defendant before a District Court gives that court complete jurisdiction over him, regardless of how his presence was secured, whether by premature arrest (Malone v. United States, 9 Cir., 67 F.2d

339), wrongful seizure beyond the territorial jurisdiction of the court (Ford v. United States, 9 Cir., 10 F.2d 339, 344; United States ex rel. Voigt v. Toombs, 5 Cir., 67 F.2d 744), false arrest (Ex parte Johnson, 167 U.S. 120, 17 S.Ct. 735, 42 L.Ed. 103; Albrecht v. United States, 273 U.S. 1, 47 S.Ct. 250, 71 L.Ed. 505) or extradition arising out of an offense other than the one for which he is being tried. Cardigan v. Biddle, 8 Cir., 10 F.2d 444. The court cannot decline to exercise this jurisdiction. "Courts of the United States are bound to proceed to judgment * * * in every case to which their jurisdiction extends. They cannot abdicate their authority or duty in any case in favor of another jurisdiction." Hyde v. Stone, 20 How. 170, 61 U.S. 170, 175, 15 L.Ed. 874. However the defendant was brought before the District Court, once he was there it had and was bound to exercise complete jurisdiction over him. It is clear that the federal authorities had actual possession of appellant during his trial in the federal court. Jurisdiction resulted from that possession, and it follows that any question concerning the rightfulness of what was done in the exercise of that jurisdiction is merely a question of comity. Such a question cannot be raised by habeas corpus, which can be used to question the validity of imprisonment only upon jurisdictional grounds (Price v. Johnston, 9 Cir., 125 F.2d 806) or on the ground, not presented by this case, of violation of a fundamental constitutional guarantee. Waley v. Johnston, 316 U.S. 101, 62 S.Ct. 964, 86 L.Ed. 1302.

 As pointed out by the Supreme Court in Ponzi v. Fessenden, 258 U.S. 254, 42 S.Ct. 309, 66 L.Ed. 607, 22 A.L.R. 879, supra, the arrangement made between the two sovereigns, the state and federal governments, does not concern the defendant who has violated the laws of each sovereignty and he cannot in his own right demand priority for the judgment of either. See to the same effect, Banks v. O'Grady, 8 Cir., 113 F.2d 926.

Judgment affirmed.

## PER CURIAM.

 The appellant in his petition for rehearing complains that the decisions in Lunsford v. Hudspeth, 10 Cir., 126 F.2d 653, Zerbst v. McPike, 5 Cir., 97 F.2d 253, and Grant v. Guernsey, 10 Cir., 63 F.2d 163, support his contention and are in direct conflict with our decision herein, and that they

have not been cited or discussed by us in our opinion. Of course, the fact that other Circuit Courts of Appeal have decided the same question differently is not a ground for rehearing, as we have co-ordinate power to reach a conclusion. However, as we did not cite these cases or distinguish them, we will briefly state our view thereon.

In Grant v. Guernsey, supra, a majority of the Circuit Court of Appeals of the Tenth Circuit, one judge dissenting, held that a state court could not seize a person who is under probation by reason of a federal judgment during the probationary term and try him for a crime against the state without the consent of the federal court who had custody of him by reason of the probationary judgment and consequently affirmed the discharge of the prisoner. It should be noted that in the Guernsey case the petitioner had been neither sentenced or tried by the state court. He had been held to answer to the state court by a justice of the peace. This case conforms to the rule announced in our opinion that the consent express or implied of the sovereignty first acquiring jurisdiction and having possession of the person was necessary to a trial in the courts of the other sovereign.

In the case of Lunsford v. Hudspeth, supra, the Circuit Court of Appeals of the Tenth Circuit considered the case of a petitioner who had been surrendered by the state authorities upon a writ of habeas corpus ad prosequendum issued by a Federal District Court, had been tried and sentenced by the federal court and then without specific order returned by the marshal to the state penitentiary there to complete his state sentence. Whereupon the state authorities returned the petitioner to the marshal who then in pursuance of the sentence and commitment of the federal court delivered him to the Warden of the United States Penitentiary at Leavenworth, Kansas, to serve his federal sentence. The court held that his federal sentence began when he was delivered to the Warden of the United States Penitentiary or on November 2, 1940, and not on February 9, 1939, when the federal sentence was pronounced. In effect the majority of the court held that the federal court had acquired limited jurisdiction of the petitioner, and that the sentence of the court was intended to begin after the end of the state sentence. This holding may not be entirely consistent with our decision, but in the case at bar we have a prisoner in a federal penitentiary under a valid sentence which has not been completed seeking release from the prison in which he is serving sentence. In the case at bar the state has not complained that its rights have been interfered with, and we infer is acquiescing in such detention, just as the federal authorities did as to the remainder of the sentence in the case of Lunsford v. Hudspeth, supra.

In the case of Zerbst v. McPike, supra, the Circuit Court of Appeals of the Fifth Circuit merely held that where a state prisoner was loaned to a federal court merely for trial and where the state retained jurisdiction over such prisoner in jail before and after trial in the federal court that the sentence of the federal court began when the state surrendered possession of the prisoner to the federal authorities upon the completion of his state sentence. It should be observed that there is an essential difference between the situation in the Zerbst case and the case at bar in that in the former the federal court acted upon the assumption that the state had consented only to the trial of its prisoner in the federal court while in the latter—the case at bar—the trial court assumed that it had the right to direct the immediate execution of the sentence and that the state had consented thereto.