**UNITED STATES ex rel. PASELA v. FENNO.**

**No. 172, Docket 20844.**

Circuit Court of Appeals, Second Circuit.

April 5, 1948.

Writ of Certiorari Granted June 21, 1948.

See 68 S.Ct. 1530.

Frank A. Francis, of Hartford, Conn., for appellant.

Adrian W. Maher, U.S. Atty., of Bridgeport, Conn., and Thomas J. Birmingham, Asst. U.S. Atty., of Hartford, Conn., for appellee.

Before AUGUSTUS N. HAND, CHASE and CLARK, Circuit Judges.

CHASE, Circuit Judge.

The appellant, after long service in the Navy where he had attained the rank of chief motor machinists mate, was transferred on July 12, 1939 to the Fleet Reserve, Class F-4-D and released from active duty on pay computed on the basis of twenty years net service. He was on July 29, 1940 duly recalled to active service where he remained until September 7, 1945, when he was again released to inactive duty in the Fleet Reserve. Thereafter, while drawing the substantial pay to which, as a Fleet Reservist, he was entitled, he was employed in a civilian capacity during part of 1946 and 1947 at the United States Naval Submarine Base at New London, Conn. While thus employed, he was accused of the theft of government property at the Naval Base in violation of 18 U.S.C.A. § 82, and, after trial and conviction on that charge in the United States District Court for the District of Connecticut, was on March 21, 1947 sentenced to one year and a day imprisonment and to pay a fine of $1800.00. Execution of the sentence was suspended and he was placed on probation for a term of three years.

In July, 1947, he was recalled to active duty in the Navy in order that he might be tried by a general court-martial on charges

of bribery and conduct prejudicial to good order and discipline based upon his conduct relating to the same theft for which he had been tried and convicted in the district court. Without the consent of that court, he was, while still on probation, arraigned and tried by court-martial on the above mentioned charges and was found guilty. He was being held, pending sentence, in the custody of the respondent, the Commanding Officer at the United States Naval Submarine Base at New London, when he filed his petition for a writ of habeas corpus. The writ was issued and, after hearing was dismissed and the appellant was remanded to the respondent's custody. The appeal is from the order dismissing the writ and presents questions as to the Navy's power to recall him to active duty for trial by court-martial, especially without the prior consent of the district court. It is to be noted, however, that consent was given by the district judge at the time the order of dismissal was entered.

We may take it for granted, as the appellant insists, that the court-martial was without power to try him unless the following three conditions were met: (1) that he could lawfully be recalled to active duty for purposes of the court-martial; (2) that he was subject to naval law at the time of the theft and of his recall; and (3) that the offenses for which appellant was tried fell within the category of "cases arising in the land and naval forces," to which the Fifth Amendment's requirement of presentment or indictment by grand jury does not apply. The relator's status as a member of the Fleet Reserve, therefore, assumes primary importance and will first be considered.

■ Under the provisions of 34 U.S.C.A. § 853 what is designated the Naval Reserve is made a component part of the United States Navy, being composed of four elements, called, respectively, the Fleet Reserve, the Organized Reserve, the Merchant Marine Reserve, and the Volunteer Reserve. In 34 U.S.C.A. § 853c it is provided that, in time of war or when in the opinion of the President a national emergency exists, any member of the Naval Reserve may be required to perform active duty, but in time of peace may not be so required without his consent, except as otherwise provided in the Naval Reserve Act of 1938. Appellant argues that Public Law 239, 80th Congress, 1st Session, c. 327, 61 Stat. 449, operated to terminate the war and national emergency for purposes of this section when it did so for purposes of 34 U.S.C.A. § 433, which authorized the Secretary of the Navy to call enlisted men on the retired list into active service during war or emergency times. It seems apparent, however, that Congress desiring, in part at least, to demobilize gradually, intended to draw a distinction between retired enlisted men and the members of the Naval Reserve, whether or not on the retired list, wholly releasing the former while leaving the latter subject to call. This is made explicit in the Senate Judiciary Report, paragraphs 136, 141, U.S.Code Cong.Serv. 1947, 1389, 1390. Thus appellant could lawfully be recalled to active duty, nothing in the statute or legislative history indicating that a call to active duty solely for purposes of court-martial proceedings is not permissible.

■ The question then arises whether appellant was subject to naval law at the time of his theft and at the time of his recall. The relevant statute is 34 U.S.C.A. § 853d, which forbids in time of peace the discharge of any officer or man in the Naval Reserve "except upon expiration of his term of service or upon his own request or for full and sufficient cause, in the discretion of such administrative authority as the Secretary of the Navy may designate [with two provisos which need not be quoted].

"And provided further, That members of the Fleet Reserve * * * shall at all times be subject to the laws, regulations, and orders for the government of the Navy, and shall not be discharged therefrom prior to the expiration of their term of service, without their consent, except by sentence of a court martial, or, in the discretion of the Secretary of the Navy, when sentenced by civil authorities to confinement in a State or Federal penitentiary as a result of a conviction for a felony." This statute, if not in violation of the Constitution, makes a member of the Fleet Reserve amenable "at all times" to the laws, regulations, and orders for the government of the navy. Moreover as this is done in a proviso to a

clause dealing with discharge "in time of peace," the contrast gives, perhaps, additional emphasis to the phrase "at all times" as a limitation upon the discharge provisions. Consequently appellant was subject to naval law both at the time of his theft and at the time of his recall.[1]

 Nor do we find this statute to be unconstitutional. The Fleet Reserve is so constituted that it falls reasonably and readily within the phrase "naval forces" in the Fifth Amendment. Its membership is composed of trained personnel who are paid on the basis of their length of service and remain subject to call to active duty. While keeping Fleet Reservists on such pay, Congress has, to be sure, also allowed them to accept employment in civilian capacities. But this need not, and does not, materially diminish their obligations as members of the Fleet Reserve. During the time they are on inactive duty, they remain immune from discharge, with its accompanying loss of pay,[2] except as the statute provides. The government at the same time obtains the benefit of having a trained body of men subject to recall to active duty when needed. To exclude Fleet Reservists while in this status from a classification within the "naval forces" would be, we think, to construe the broad terms of the Fifth Amendment much too narrowly.

 Finally it is urged with considerable force that the court-martial was lacking in jurisdiction for the reason that the appellant was, at the time of his recall, on probation in the district court, the consent of which to his court-martial was not sought or obtained before his trial by the military tribunal. In support of this position, appellant relies upon Dillingham v. United States, 5 Cir., 76 F.2d 35, and Grant v. Guernsey, 10 Cir., 63 F.2d 163; certiorari

denied, 289 U.S. 744, 53 S.Ct. 688, 77 L. Ed. 1491. In the latter case it was determined that one on probation in a federal court was not subject to prosecution for a crime in a state court without the consent of the first court. The Dillingham case, in deciding whether the probation of one who had fled the jurisdiction was revocable, merely relied upon Grant v. Guernsey to show the extent of the custody of the court of probation.

We understand the Guernsey case to hold that the second court, purportedly assuming jurisdiction, is entirely lacking in it, though the same result could have been reached as easily by holding that, where the first objects, the second cannot proceed, as a matter of comity, to exercise its jurisdiction. If this is the holding of that decision, we decline to follow it.

It may be that, where the second court obtains custody of a probationer, in the absence of the express consent of the first court, it does so wrongfully. This we need not decide. It is sufficient to say that, whether or not custody is rightly obtained, it gives the second court jurisdiction of the person. Ex parte Johnson, 167 U.S. 120 (illegal arrest), 17 S.Ct. 735, 42 L.Ed. 103; Malone v. United States, 9 Cir., 67 F.2d 339 (premature arrest); United States ex rel. Voigt v. Toombs, 5 Cir., 67 F.2d. 744 (wrongful seizure beyond territorial jurisdiction of court); see Ponzi v. Fessenden, 258 U.S. 254, 265, 266, 42 S.Ct. 309, 66 L.Ed. 607; Stamphill v. Johnston, 9 Cir., 136 F.2d 291, 292, certiorari denied, 320 U.S. 766, 64 S.Ct. 70, 88 L.Ed. 457. In the absence of objection on the part of the first court, no obstacle to the second court's assumption of jurisdiction is presented by the fact that the person concerned is on bail either pending trial in the first court or on

---

[1] Sec. 301 of Title III of the Naval Reserve Act of 1938, 52 Stat. 1175, 1180, 34 U.S.C.A. § 855, provides that "all members of the Naval Reserve," when employed on active duty or its equivalent shall be subject to naval laws, thus implying that when not thus employed they are not so subject. And, the Fleet Reserve being one of the components of the Naval Reserve, it might seem that this section was in conflict with 34 U.S.C.A. § 853d as we have construed it. Title

III of the Naval Reserve Act of 1938 is, however, expressly made applicable only to the Organized Reserve, Merchant Marine Reserve, and Volunteer Reserve, so that "all members of the Naval Reserve," as used in § 301 of that title does not include members of the Fleet Reserve, and any conflict in the statutes is avoided.

[2] Having completed 25 years net service for pay purposes, appellant was receiving, though on inactive duty, 62½% of his base pay.

appeal from its judgment. Hebert v. Louisiana, 272 U.S. 312, 315, 316, 47 S.Ct. 103, 71 L.Ed. 270, 48 A.L.R. 1102; Florio v. Edwards, 5 Cir., 80 F.2d 509; Vale v. United States, 9 Cir., 254 F. 28. We think the same rule applicable to a person on probation. The second court, having jurisdiction, then, may proceed unless there is objection on behalf of the first court; only where there is, need the second court, as a matter of comity, decline to exercise its jurisdiction. Powell v. Sanford, 5 Cir., 156 F.2d 355. No such objection was here made. We thus need not determine the effect of the district court's waiver made in these proceedings.

We find nothing else in the appeal which merits discussion.

Judgment affirmed.