**UNITED STATES of America,
Plaintiff,**

**v.**

**Arthur Earl BISTRAM, Defendant.**

**Crim. No. 7885.**

United States District Court
D. North Dakota,
Southeastern Division.

Aug. 19, 1957.

Robert L. Vogel, U. S. Atty., Fargo, N. D., for United States.

Arthur Earl Bistram, defendant, in pro. per.

RONALD N. DAVIES, District Judge.

The above-named defendant, Arthur Earl Bistram, was indicted by a Grand Jury in this District on the 22nd day of September, 1949, charged with violation of Section 1201, Title 18 U.S.C.A., for unlawfully transporting in interstate commerce from Mandan, North Dakota, to the vicinity of Laurel, Nebraska, one Ralph Alex Senn, a Mandan police officer who had theretofore been unlawfully seized, abducted and kidnapped and held for the purpose of aiding the defendant to escape arrest.

On September 27, 1949, Bistram entered a plea of guilty to the crime charged in the indictment; and on October 28, 1949, after a pre-sentence investigation the defendant was committed to the custody of the Attorney General of the United States for a period of 25 years, and is presently serving that term in the United States Penitentiary at Leavenworth, Kansas.

On July 25, 1957, Bistram filed in this court a motion to vacate his sentence under Section 2255 of Title 28 U.S.C.A., and simultaneously applied for a writ of habeas corpus ad testificandum.

Nearly eight years after his conviction upon his plea of guilty, Bistram now contends in his moving instruments:

1. The Government was without jurisdiction to impose sentence.

2. He was denied due process of law as guaranteed by the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution.

3. The Government's agents abrogated his constitutional rights.

4. Nebraska and/or Minnesota held prior and/or concurrent jurisdiction.

5. The Government's agents interfered with the rules of comity.

6. George W. Dittrick, United States Commissioner, did not follow the Federal Rules of Criminal Procedure, 18 U.S.C.A.

7. That he was transported to and held in the Southeastern Division of North Dakota, whereas the proper jurisdiction was where the alleged crime was committed, namely, the Southwestern Division.

The contentions will be dealt with in the order in which they were set out.

1. The defendant claims the Government was without jurisdiction to impose sentence. It is assumed defendant meant the Court was without jurisdiction. In any event the claim is without merit. The Court had jurisdiction of the subject matter which was the kidnapping of a police officer to avoid arrest (Gooch v. United States, 1936, 297 U.S. 124, 56 S.Ct. 395, 80 L.Ed. 522) as well as jurisdiction of his person, obtained when Bistram was duly removed to the District of North Dakota from the District of Nebraska by consent upon his signing a waiver of removal hearing (cf. Robinson v. United States, 6 Cir., 1944, 144 F.2d 392).

2 and 3. The defendant contends denial of due process guaranteed by the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution,

and that Government agents abrogated his constitutional rights.

Although Bistram's alleged arrest without a warrant by an agent of the Federal Bureau of Investigation, effected while the defendant was already in state custody in a county jail, may have been a denial of due process of law and thus a violation of the defendant's constitutional rights by such agent (Johnson v. United States, 1948, 333 U.S. 10, 68 S.Ct. 367, 92 L.Ed. 436), Bistram's voluntary plea of guilty in this court constituted a legal waiver of the defense of illegal arrest and lack of jurisdiction of the person (Ford v. United States, 1927, 273 U.S. 593, 47 S.Ct. 531, 71 L.Ed. 793; United States v. Williams, 7 Cir., 1954, 212 F.2d 786).

■ 4. The defendant sets out that Nebraska and/or Minnesota held prior and/or concurrent jurisdiction. This objection has no validity. It is well settled that one who has violated the criminal statutes of both the federal and a state government may not complain of the order in which he is tried or punished for such offenses and that the interested sovereigns may arrange the order of trial and punishment according to their own convenience without thereby affecting the constitutional rights of the defendant (Peckham v. Henkel, 1910, 216 U.S. 483, 30 S.Ct. 255, 54 L.Ed. 579; Vanover v. Cox, 8 Cir., 1943, 136 F.2d 442).

■ 5. The defendant claims that the Government's agents interfered with the rules of comity. This objection is not available to Bistram who has no right to the observance of rules of comity which exist only as between different sovereignties to settle problems of conflicting jurisdiction (Ponzi v. Fessenden, 1922, 258 U.S. 254, 42 S.Ct. 309, 66 L.Ed. 607, 22 A.L.R. 879; Banks v. O'Grady, 8 Cir., 1940, 113 F.2d 926; In re Morgan, D.C.Iowa 1948, 80 F.Supp. 810).

■ 6. Bistram complains that the United States Commissioner did not follow the Federal Rules of Criminal Procedure. This is a procedural objection which the defendant legally waived by not making an appropriate motion (Rule 12(b)(2), third sentence, F.R.Cr. P., 18 U.S.C.A.; Pon v. United States, 1 Cir., 1948, 168 F.2d 373) and by entering his voluntary plea of guilty which alone constitutes a waiver of all non-jurisdictional defenses (Lipscomb v. United States, 6 Cir., 1955, 226 F.2d 812; Berg v. United States, 9 Cir., 1949, 176 F.2d 122).

■ 7. Finally Bistram says he was transported to and held in the Southeastern Division of North Dakota whereas the proper jurisdiction was where the alleged crime was committed, namely, the Southwestern Division.

While the acceptance of such guilty plea in the Southeastern Division of the District without the express consent of the defendant rather than in the Southwestern Division where the offense was committed may have been irregular under Rules 18 and 19 (see United States v. Parr, D.C.Tex.1955, 17 F.R.D. 512, 519), it was a matter of venue and not jurisdiction, and thus did not affect the validity of his conviction upon his plea of guilty (Carrillo v. Squier, 9 Cir., 1943, 137 F.2d 648).

Bistram voluntarily entered a plea of guilty and at the time was represented by counsel. The plea operated as a waiver of the venue objection. Bistram may not raise the question of venue in these circumstances upon a motion to vacate sentence (Walker v. United States, 7 Cir., 1955, 218 F.2d 80).

The Court has carefully examined the files and records herein and is of the opinion that they show conclusively that the defendant, Arthur Earl Bistram, is entitled to no relief as a matter of law and that there are no substantial issues of fact which require production of the defendant for a hearing in this court.

For the reasons assigned herein the defendant's motion to vacate sentence and his motion for writ of habeas corpus

ad testificandum and each such motion will be denied in all things without oral hearing thereon.

An order effectuating this memorandum opinion will be prepared and submitted by attorneys for the United States.

It is so ordered.