FLORENCIO FLORES VALENTÍN, Petitioner and Appellant, v. J. ANTONIO ALVARADO, WARDEN OF THE INSULAR PENITENTIARY, Respondent and Appellee.

No. 9110. Argued April 3, 1945.—Decided April 30, 1945.

*J. A. Surís Agraít* for appellant. *R. A. Gómez, Prosecuting Attorney (Fiscal)*, for appellee.

MR. JUSTICE DE JESÚS delivered the opinion of the court.

When Florencio Flores Valentín was called for trial on September 30, 1943, in the District Court of Mayagüez for an offense of murder in the second degree, he asked leave to withdraw his petition for a jury trial. The district attorney asked permission from the court to reduce the degree of the offense to voluntary manslaughter, which was granted. Upon being arraigned on a charge of voluntary manslaughter, the defendant, assisted by counsel, pleaded guilty and having waived the term for rendering judgment, was sentenced to three years' imprisonment in the penitentiary. He took an appeal to this court which was dismissed on May 8, 1944, and thereupon he was confined in the Insular Penitentiary by virtue of a warrant of commitment issued on May 12, 1944, by the clerk of the district court.

Later on he filed a petition for habeas corpus in the District Court of San Juan, alleging that he was serving sentence by reason of the judgment rendered by the District Court of Mayagüez which was illegal because it had been entered without jurisdiction over his person. He based his contention as follows: (a) that on August 10, 1942, he was sentenced by the United States District Court for the District of Puerto Rico to a term of 2 years in the penitentiary which had expired on March 18, 1944; that on that same day he was released on probation subject to the jurisdiction of the Federal court for a term of 5 years, wherefore, he contended, the District Court of Mayagüez could not acquire jurisdiction to pass judgment without the consent of the Federal court; (b). because inasmuch as the Federal court did

not give its consent to try him in the insular court, the judgment was void for lack of jurisdiction and, consequently, he was being unlawfully deprived of his liberty under the custody of the Warden of the Insular Penitentiary.

After a hearing, the district court denied the petition for habeas corpus, whereupon the petitioner brought the present appeal.

It is not appropriate to say that in Puerto Rico, similarly as in the various States, there are two different sovereignties, that of the Insular and that of the Federal Government; for the insular as well as the Federal courts, in the exercise of their jurisdictions, respectively, derive their powers from a single sovereignty, that of the United States. *Puerto Rico* v. *Shell Co.*, 302 U.S. 253 (1937). But the Congress of the United States has conferred on Puerto Rico, through the Organic Act, many of the attributes of the quasi-sovereignty possessed by the States of the Union. *Puerto Rico* v. *Shell Co., supra.* For that reason the same principle applicable to the state courts in connection with the Federal tribunals may, by analogy, be applied to Puerto Rico in cases of conflicting jurisdiction between the Federal and the insular courts.

*Ex parte Corretjer,* 50 P.R.R. 202 (1936).

As disclosed by the petition for habeas corpus, when the appellant was sentenced for the offense of voluntary manslaughter in the District Court of Mayagüez, he should have been serving the two years' sentence imposed by the Federal court which expired on March 18, 1944.

"One accused of crime has a right to a full and fair trial according to the law of the government whose sovereignty he is alleged to have offended, but he has no more than that. He should not be permitted to use the machinery of one sovereignty to obstruct his trial in the courts of the other, unless the necessary operation of such machinery prevents his having a fair trial. He may not complain if one sovereignty waives its strict right to exclusive custody

of him for vindication of its laws in order that the other may also subject him to conviction of crime against it. [Citing cases.] Such a waiver is a matter that addresses itself solely to the discretion of the sovereignty making it and of its representatives with power to grant it.

"One accused of crime, of course, can not be in two places at the same time. He is entitled to be present at every stage of the trial of himself in each jurisdiction with full opportunity for defense. [Citing cases.] If that is accorded him, he can not complain. The fact that he may have committed two crimes gives him no immunity from prosecution of either." *Ponzi v. Fessenden,* 258 U. S. 254, 260 (1922).

In the present case the record does not disclose by what proceeding the appellant was removed from the prison and submitted to the jurisdiction of the District Court of Mayagüez. Be that as it may, it is a fact that he was present at the trial and this was enough for the district court to acquire jurisdiction over him. *Robinson v. United States,* 144 F.(2d) 392, 396 (1944); *United States ex rel. Voigt v. Toombs,* 67 F.(2d) 744 (1933), it not being incumbent upon the defendant by what proceeding he was brought to the insular court, for, as we have already said, that question concerns solely the Federal and the insular courts, not the defendant. *Ponzi v. Fessenden, supra; Stamphill v. Johnston,* 136 F.(2d) 291 (1943).

The petition alleges that the defendant served the two years' term imposed by the Federal court, which shows that after he was sentenced by the insular court, he was taken back to prison to resume the service of the sentence imposed by the Federal court and that after the latter was served, and while he was on probation, he began to serve the sentence imposed by the insular court. No legal impediment prevented that, as soon as the Federal sentence was served, service of the sentence imposed by the insular court should start. The fact that he was on probation did not afford him any im-

munity from serving the sentence imposed by the insular court.

In view of the fact that the sentence which he is actually serving is not illegal, the judgment is affirmed.