Glen Eugene CROW, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 17327.

United States Court of Appeals
Eighth Circuit.

April 17, 1963.

Before JOHNSEN, Chief Judge, and MATTHES, Circuit Judge.

PER CURIAM.

Appellant is a prisoner in the Missouri State Penitentiary under sentence of ten years for conviction of burglary and larceny. He filed in the District Court for the Western District of Missouri an instrument denominated by him as a petition for a writ of habeas corpus ad prosequendum, alleging in effect that a complaint was pending against him before a United States Commissioner in the Western District of Missouri charging him with violation of 18 U.S.C. § 2115, in having entered a post office with intent to commit larceny therein; that no action has ever been taken by the United States upon the complaint except to have a warrant of arrest issued and lodge a detainer thereon with the Warden of the Missouri State Penitentiary; that the detainer has been entered on the records of the Penitentiary and left standing since May 1962; that appellant is being prejudiced from having the complaint and the detainer thus held open against him in that, as a result thereof, among other things, he is "unable to make his appeal bond" (presumably, obtain his release on bail) in connection with the appeal which he has taken from his state conviction; and that he therefore is entitled either to have the United States Attorney follow up the charge and attempt to have him brought before the federal court for a speedy trial, or to have the court make dismissal of the complaint under Rule 48(b) of the Federal Rules of Criminal Procedure.

The court made denial of the petition on its face, permitted notice of appeal to be filed without payment of fee, but refused appellant leave to proceed further in forma pauperis on the ground that the appeal was frivolous. He now seeks to have us grant him forma pauperis review.

Nolan v. United States, 8 Cir. (1947), 163 F.2d 768, and other decisions suggest that the Government has no obligation under the Sixth Amendment to try to bring a state prisoner to trial on a pending federal charge until after he has served his state sentence. Taylor v. United States, D.C.Cir. (1956), 99 U.S.App.D.C. 183, 238 F.2d 259, and other decisions, on the other hand, have declared that state imprisonment "does not excuse the Government's long delay in bringing (a defendant) to trial (in the federal court) in the absence of a showing that the Government, at a reasonably early date, sought and was unable to obtain his return for trial." 238 F.2d at p. 261.

The varying views which thus appear to exist have been the subject of general expression primarily. In this situation, we think that appellant is entitled to have the question specifically developed and considered whether the Sixth Amendment guarantee of a speedy trial requires the Government to attempt to have a state prisoner, against whom federal charges are pending, brought into the federal court during his state incarceration to plead and stand trial on such charges, where the prisoner makes such a demand.

Appellant will accordingly be permitted to have the appeal docketed without payment of clerk's fee; a separate order appointing counsel to represent appellant for purposes of the appeal will be entered; both parties will be permitted to file typewritten briefs; and the matter will be taken under submission on the files of the District Court and the briefs prepared without oral argu-

ment unless the court subsequently so requests.

So ordered.