Glen Eugene CROW, Appellant,

v.

UNITED STATES of America, Appellee.

No. 17327.

United States Court of Appeals Eighth Circuit.

Oct. 28, 1963.

Eugene P. Mitchell, Kansas City, Mo., for appellant.

F. Russell Millin, U. S. Atty., and William A. Kitchen, Asst. U. S. Atty., Kansas City, Mo., for appellee.

Before VAN OOSTERHOUT and BLACKMUN, Circuit Judges, and HANSON, District Judge.

VAN OOSTERHOUT, Circuit Judge.

Appellant Crow has appealed from the order of the district court denying his petition for writ of habeas corpus ad prosequendum. The trial court permitted notice of appeal to be filed but denied appellant the right to proceed further in forma pauperis on the ground that his appeal was frivolous. Upon application, this court permitted appellant to pursue his appeal in forma pauperis. Crow v. United States, 8 Cir., 316 F.2d 207. We appointed Eugene P. Mitchell of the Kansas City Bar as attorney for the appellant. We express our thanks to Mr. Mitchell for the excellent brief filed and for his able representation of the appellant in connection with this appeal.

Appellant in his petition filed February 28, 1963, states that he is serving a ten-year prison sentence imposed by the Circuit Court of Jasper County, Missouri, upon his conviction on a state burglary charge. He makes no claim that he is being illegally held upon such charge by the state authorities. Appellant alleges that on May 14, 1962, a warrant for his arrest was issued by the United States Commissioner for the Southwestern Division of the United States District Court for the Western District of Missouri based upon a complaint filed charging him with violation of 18 U.S.C.A. § 2115. A copy of the warrant and a request that a detainer be placed against appellant were lodged with the State Prison Warden and notation was made thereof on the prisoner's records.

Appellant claims that the Sixth Amendment to the Constitution of the United States grants him a right to a speedy trial and that his right is being abridged and he prays that the court order him to be brought before it so that he may answer the federal charge lodged against him. The court by order dated March 1, 1963, denied the petition without a hearing upon the basis that the petition on its face showed appellant was not entitled to the relief he seeks; the order stating:

"Petitioner obviously has no right to be taken from state custody and brought before the Court to answer federal charges as a part of his right to a speedy trial. The fact that petitioner's trial on the federal charges is being delayed because he is in the custody of the state is no fault of the federal government. The fault, if it rests anywhere, rests with petitioner himself. Thus, the situation in which petitioner finds himself is entirely of his own making. Although, in some cases, a writ of habeas corpus may be issued in order for the federal government to prosecute persons in state custody, this is a prerogative of the government and not of the petitioner in a particular case."

The basic issue presented by this appeal is whether the trial court abused its discretion or committed error in denying the writ.

Any uncertainty that may have previously existed with respect to the availability of a writ of habeas corpus ad prosequendum by a federal court for the purpose of requiring the production of a prisoner already in custody of a state has been settled by Carbo v. United States, 364 U.S. 611, 81 S.Ct. 338, 5

L.Ed.2d 329. The history and scope of the writ is there fully discussed.[1]

Ponzi v. Fessenden, 258 U.S. 254, 42 S.Ct. 309, 66 L.Ed. 607, is the landmark case setting out the guide lines for determining conflicts in criminal jurisdiction over the person of the accused. The court states:

> "The chief rule which preserves our two systems of courts from actual conflict of jurisdiction is that the court which first takes the subject-matter of the litigation into its control, whether this be person or property, must be permitted to exhaust its remedy, to attain which it assumed control, before the other court shall attempt to take it for its purpose." 258 U.S. 254, 260, 42 S.Ct. 309, 310–311, 66 L.Ed 607.

The court goes on to say that once this is accomplished no sound basis exists why the sovereignty cannot waive its right to exclusive custody in order to permit another sovereignty to subject the prisoner to prosecution for a crime against it, and such an arrangement of comity between the state and federal governments works in no way to the prejudice of the prisoner or either sovereignty.

This court has held that except for rules of comity when one system of courts takes jurisdiction over a person, that person is withdrawn from the judicial power of the other and that when a person has violated the criminal statutes of two different sovereigns, it is for the sovereigns and not for the criminal to settle who shall first inflict punishment. Nolan v. United States, 8 Cir., 163 F.2d 768, 771; United States ex rel. Demarois v. Farrell, 8 Cir., 87 F.2d 957, 962.

■ We believe the fact that an appeal is pending on the state conviction is a factor entitled to be considered in the court's determination of the propriety of granting the writ. The state proceedings cannot be said to have been completed before the pending appeal is de-

cided. Some question may exist as to the propriety of requesting the state to surrender the person before the completion of the state proceedings. The disposition of the state appeal may also well have a material bearing upon the prosecution of the federal charge. The United States Attorney in his brief states:

> "Even where it appears the likelihood of successful rehabilitation is remote, justice does not require that sentence be piled upon sentence. In the present case appellant is already serving a lengthy sentence totaling ten years. Whether it would be of benefit to try him for the federal offense has not yet been fully determined. However, he has appealed his state conviction and the federal government cannot now know the outcome of his appeal. If he is successful in his appeal, the government, in the interest of the protection of society, is determined to try him for the federal offense with which he is charged."

The obvious function of the writ of habeas corpus ad prosequendum is to obtain the presence of the state prisoner to stand trial upon a charge pending in the federal court. In our present case, there is no federal criminal proceeding pending which requires the appellant's presence in the federal court. Appellant has not been arrested on any federal charge and is not in federal custody. No federal indictment or information has been filed against him and there is no certainty that the appellant will ever be arrested or indicted upon a federal charge.

■ The prosecutor is entitled to a reasonable time to investigate an offense for the purpose of determining whether a prosecution is warranted. A reasonable time must also be allowed for the preparation of a case for submission to the grand jury. See Foley v. United States, 8 Cir., 290 F.2d 562, 565.

---

1. The court in Carbo does not reach the issue of the effect of the writ in event the state does not choose to honor it and we do not reach such issue here.

What is a reasonable time depends upon the facts and circumstances of each case. United States attorneys often have a heavy work load. The date of appellant's alleged federal offense is not shown by the record. It does appear that less than ten months have elapsed between the issuance of the arrest warrant and the filing of the present petition. We are not prepared to say that this amounts to a lack of diligence on the part of the prosecutor under the facts here presented.

In our view, the fact that the federal officials have placed a request for a detainer with the state officials is not in itself a sufficient basis for ordering the writ. Appellant's statement that the detainer prevents his release by bond pending his appeal from the state conviction lacks merit. Appellant is incarcerated in the state prison only by reason of his conviction for his state offense. Determination of the conditions for his release rests entirely with the state officials. It is difficult to see how the detainer would prevent the state from releasing the appellant upon his compliance with state requirements. If appellant's record is such as to discourage a bondsman, the appellant is solely responsible for such record.

In the event the appellant upon release from the state prison should be arrested upon a federal warrant, he is entitled to a preliminary hearing before the Commissioner as provided by Rule 5, Fed. R.Crim.P.

In a situation such as is here presented, where the prisoner has no absolute right to a removal from state custody to stand trial on a federal charge, some discretion rests in the federal court in making its determination as to whether the writ should be granted. No abuse in the exercise of such discretion is here apparent. In order to preserve comity between the sovereigns, a prisoner should not be removed from state custody for a longer period than may be reasonably necessary for the purpose of a trial upon the federal charge. In the absence of an indictment or information, there is no reasonable likelihood that a trial could be completed expeditiously so that the prisoner could be returned to the state within a reasonable time. It will serve no purpose to provide for appellant's transportation from the state prison to the federal court in the absence of any federal charge requiring his presence.

We are satisfied that the appellant has failed to demonstrate that the court abused its discretion or committed error in denying the writ.

Additionally, the appellant urges that he is entitled to a speedy trial on the federal charge by reason of the provisions of the Sixth Amendment and Rule 48(b), Fed.R.Crim.P. Appellant, apparently recognizing that in the present case he is only asserting his right to a writ, states: "In the instant case, Appellant is attempting merely to have the United States directed to proceed with the prosecution of the charge pending against him."

The appellant incorporates in his brief his prior motion to dismiss complaint and for an order to recall detainer which he filed in an earlier separate action in case No. 859. Such motion was filed November 16, 1962, and was denied November 21, 1962, upon the ground that there were no charges pending before the court upon which the court could act. No appeal was attempted from such order and such ruling is not properly before us now for consideration.

We observe that the prior motion to dismiss was filed only some six months after the detainer was filed and that the motion contains no substantial allegation of any prejudice occasioned by delay. Appellant there claimed a violation of his right under Rule 5, Fed.R.Crim.P., to be brought before a Commissioner for preliminary hearing. Under the terms of such rule, the hearing follows an arrest. Here appellant has not been taken into federal custody by arrest or any other means.

If the appellant is hereafter arrested, informed against or indicted with respect to the federal charge hereinabove discussed, the way remains open for him to

move for a dismissal upon the grounds that his right to a speedy trial has been violated upon the basis of the facts as they may then appear. See and compare State of Minnesota v. Hall, Minn., 123 N.W.2d 116.

The order denying the writ of habeas corpus ad prosequendum is affirmed.