324 F.2d 793
 Jesse McWHORTER, Appellant,
v.
Robert KENNEDY, United States Attorney General ex rel. Russell O. SETTLE, Warden, United States Medical Center for Federal Prisoners, Appellee.
 No. 17124.
 United States Court of Appeals Eighth Circuit.
 December 6, 1963.
 
 Jesse McWhorter, pro se.
 F. Russell Millin, U. S. Atty., Kansas City, Mo., Calvin K. Hamilton and John L. Kapnistos, Asst. U. S. Attys., Kansas City, Mo., were on the brief, for appellee.
 Before JOHNSEN, Chief Judge, and MATTHES and RIDGE, Circuit Judges.
 PER CURIAM.
 
 
 1
 Appellant is under a federal 20-year sentence for armed bank robbery, imposed by the District Court for the Southern District of Ohio in 1955. He is presently confined in the Medical Center for Federal Prisoners, Springfield, Missouri.
 
 
 2
 Following his commitment on the sentence, the State of Ohio issued a warrant against him on a state charge and lodged a copy thereof with the federal prison authorities as a detainer. From 1956 on, appellant has made demands upon the State that the charge be presented to a grand jury for indictment, and that if an indictment should be returned he be granted a prompt trial thereon. These demands have all been refused or ignored by the State, although the Director of the Bureau of Prisons has informed appellant that "he will be produced to face these charges if and when the state authorities indicate their intention to proceed with the prosecution and complete the necessary arrangement".
 
 
 3
 On this situation, appellant instituted a suit in the District Court for the Western District of Missouri, seeking to obtain a declaratory judgment or a mandatory injunction against the Attorney General of the United States, for the purpose of having him take some action in relation to the matter. Appellant's theories and contentions were that the State of Ohio was improperly denying him access to its courts; that it was depriving him of a speedy trial contrary to the guarantee of the Sixth Amendment; that the due process clause of the Fourteenth Amendment was thereby being violated against him; and that the Attorney General in the circumstances had the duty of stepping in and undertaking to secure redress and vindication of appellant's constitutional rights for him.
 
 
 4
 The District Court made denial of the petition on its face, for want of jurisdiction to grant the relief sought. This disposition clearly was proper and must be affirmed. There is no statute which purports to impose any such mandatory duty upon the Attorney General, nor has it ever been regarded that any such mandatory duty was inherent in the nature and powers of his office.
 
 
 5
 This is as far as it is necessary to go here. The courts are without authority to direct a public officer to take any action which he does not have a legal duty to perform.
 
 
 6
 Whether Congress could constitutionally require, under the speedy trial guarantee of the Sixth Amendment, that a State make disposition of a charge on which it has lodged a detainer against a federal prisoner, there is no occasion for us to consider.
 
 
 7
 It should be added that our holding here is in accord with our recent decision in Crow v. United States, 8 Cir., 323 F.2d 888. There, a state prisoner sought to compel the United States to make disposition of a federal charge, on which a complaint had been filed, a warrant issued, and a detainer lodged against him with the state prison authorities. We upheld the District Court's refusal to require the United States to take any such action in the situation, and made this comment (p. 891):
 
 
 8
 "If the appellant is hereafter arrested, informed against or indicted with respect to the federal charge * *, the way remains open for him to move for a dismissal upon the grounds that his right to a speedy trial has been violated upon the basis of the facts as they may then appear".
 
 
 9
 Affirmed.