William Budslow POTTER, Appellant,

v.

STATE OF MISSOURI, Prosecuting Attorney, Oregon County, Missouri, Sheriff, Oregon County, Missouri, Appellees.

No. 17408.

United States Court of Appeals Eighth Circuit.

Dec. 27, 1963.

---

---

William Budslow Potter, pro se.

Thomas F. Eagleton, Atty. Gen., and Howard L. McFadden, Asst. Atty. Gen., State of Missouri, Jefferson City, Mo., for appellees.

Before SANBORN, VOGEL and BLACKMUN, Circuit Judges.

PER CURIAM.

This is an appeal in forma pauperis by William Budslow Potter, who is a federal prisoner under federal sentences imposed in 1955 aggregating 32 years for armed bank robberies and conspiracy (see Potter v. United States, 8 Cir., 317 F.2d 661), from an order of the District Court filed July 23, 1963. The order denied Potter's application for a declaratory judgment and mandatory injunction against the appellees to compel the dismissal of State charges of armed robbery which Potter asserts are pending against him, and the withdrawal of a detainer, which was placed with the Attorney General of the United States. Potter's application was based upon the claim that he was being deprived, by the State, of the right to a speedy trial guaranteed by the Sixth Amendment to the Constitution of the United States and by the State Constitution as well.

The only substantial distinction between Potter's case and the case of McWhorter v. Kennedy, United States Attorney General, 8 Cir., 324 F.2d 793, opinion filed December 6, 1963, is that McWhorter, also a federal prisoner under sentence for armed bank robbery, claimed that the Attorney General was under the duty to see that the State of Ohio did not deprive McWhorter of a speedy trial on State charges. The District Court denied McWhorter's application to compel the Attorney General to take action in relation to the matter. This Court affirmed on the ground that the District Court was without jurisdiction to compel the Attorney General to assume a duty which was not his and could not be visited upon him.

■■ Intervention by a federal court on behalf of a federal prisoner, in a case such as the instant case, to interfere with threatened criminal proceedings in a state court cannot be justified. A federal court of equity must refuse "to interfere with or embarrass threatened proceedings in state courts save in those exceptional cases which call for the interposition of a court of equity to prevent irreparable injury which is clear and imminent; * * *." Douglas v. City of Jeannette, 319 U.S. 157, 163, 63 S.Ct. 877, 87 L.Ed. 1324; Stefanelli v. Minard, 342 U.S. 117, 121–125, 72 S.Ct. 118, 96 L.Ed. 138; Cleary v. Bolger, 371 U.S. 392, 397–399, 83 S.Ct. 385, 9 L.Ed.2d 390. The remote possibility that the State of Missouri may sometime in the future attempt to prosecute Potter for armed robbery in violation of Missouri law is a "far cry" from constituting an irreparable injury, either clear or imminent.

The order appealed from is affirmed.