**Carl Harvey BISTRAM and Arthur Earl Bistram, Appellants,**

v.

**PEOPLE OF the STATE OF MINNESOTA, County of Hennepin, Appellees.**

**No. 17468.**

United States Court of Appeals
Eighth Circuit.

April 21, 1964.

Carl Harvey Bistram, and Arthur Earl Bistram, submitted typewritten brief pro se without oral argument.

Walter F. Mondale, Atty. Gen., St. Paul, Minn., George M. Scott, Hennepin County Atty., and Per M. Larson, First Asst. Hennepin County Atty., Minneapolis, Minn., filed printed brief. No oral argument was made.

Before JOHNSEN, Chief Judge, and MATTHES and BLACKMUN, Circuit Judges.

BLACKMUN, Circuit Judge.

Two brothers, Carl Harvey Bistram and Arthur Earl Bistram, appeal in forma pauperis from an order of the district court denying their joint motion for relief, under the All Writs Act, 28 U.S.C. § 1651(a), with respect to an indictment returned by a Hennepin County, Minnesota, grand jury in June 1949. The indictment charged the Bistrams and two others with murder in the first degree committed five days earlier. The essence of their motion is that, with the lapse of almost 15 years since the indictment issued, they have been deprived of their Sixth Amendment rights to a speedy trial and their Fifth and Fourteenth Amendment rights to due process.

The background facts are not in dispute: After the alleged murder and their accusation, but prior to arrest, the Bistrams fled from Minnesota to North Dakota. There they seized a Mandan police officer and continued their flight into Nebraska where they were apprehended. In September 1949 a federal grand jury in the District of North Dakota returned separate indictments charging the Bistrams and one of the others with violations of the Kidnapping Act, 18 U.S.C. § 1201, and of the National Motor Vehicle Theft Act, 18 U.S.C. § 2312. The Bistrams were convicted of these offenses upon their pleas of guilty. In October 1949 Carl received sentences of 30 years on the kidnapping charge and 5 years on the motor vehicle charge, the latter to run concurrently with the former. Arthur received corresponding concurrent sentences of 25 and 5 years, respectively.

The Bistrams were incarcerated initially in Alcatraz and are now in Leavenworth. Minnesota has filed a detainer with the proper federal officials.

The appellants now assert that in 1957 they filed a motion with the state court for a dismissal of the state murder indictment or, in the alternative, for a speedy trial; that in their memorandum accompanying the motion they "set out the procedure" whereby the state authorities could obtain their presence for purposes of trial; that the Attorney General of the United States had consented to make them available "for the limited purpose of affording them a speedy trial"; that this motion was denied; that (although we are not supplied with citations) on appeal the Supreme Court of Minnesota refused to grant them relief and the United States Supreme Court denied their petition for certiorari; and that their state remedies have been exhausted.

Both Bistrams have been with us before. Between them they have prompted four opinions from this court and several from the sentencing court:

1. Carl filed a motion under 28 U.S.C. § 2255 to vacate the kidnapping judgment on the ground that the indictment was defective. The trial court denied this motion. 139 F.Supp. 922 (D.N.D. 1956). Carl then filed a second § 2255 motion to vacate the same judgment on the grounds of coercion in his plea, deprival of effective assistance of counsel, and innocence. This motion was denied by the trial court without a hearing. This court affirmed the denial of the first motion but reversed the denial of the second. Bistram v. United States, 237 F.2d 243 (8 Cir. 1956).

2. The trial court then held its hearing upon the second motion. It found that Carl's "testimony and affidavits are inconsistent, contrary to fact, and unworthy of belief". The motion was again denied. Carl asserted procedural errors and appealed. This court affirmed. Bistram v. United States, 248 F.2d 343 (8 Cir. 1957).

3. Meanwhile, Arthur had filed his § 2255 motion asserting lack of jurisdiction, deprival of constitutional rights, improper venue, and procedural wrongs. This motion was denied by the trial court. 153 F.Supp. 816 (D.N.D.1957). This court affirmed. Bistram v. United States, 253 F.2d 610 (8 Cir. 1958).

4. Carl filed his third § 2255 motion. This time he asserted mental incompetency at the times he entered his plea of guilty and was sentenced. The motion was denied by the trial court without prejudice either to its renewal when

properly supported by affidavits and documents or to the institution of appropriate measures under 18 U.S.C.A. § 4245. Bistram v. United States, 171 F. Supp. 258 (D.N.D.1959).

5. Carl renewed his motion. The trial court first reserved disposition of it pending the possible filing of a report and certificate under 18 U.S.C. §§ 4241 and 4245. When nothing of this kind was filed (the director of the Bureau of Prisons did present an affidavit denying the existence of any significant evidence of mental disorder during the period of Carl's federal incarceration) the motion was denied. 180 F.Supp. 501 (D.N.D. 1960). Again this court affirmed, but with one dissent. Bistram v. United States, 283 F.2d 1 (8 Cir. 1960). Certiorari was denied by the Supreme Court, 366 U.S. 921, 81 S.Ct. 1096, 6 L.Ed.2d 243.

We note this history only to show that these appellants have not been hesitant in asserting their claims and, further, to show the extent to which this court and the sentencing court have painstakingly considered and reviewed their several arguments.

The Sixth Amendment guaranty of a speedy trial is, of course, a recognized and valuable right. United States v. Chase, 135 F.Supp. 230, 232 (N.D.Ill. 1955). This court has held that confinement in a federal penal institution cannot be used to deny the prisoner's right to a speedy trial on another federal charge. Frankel v. Woodrough, 7 F.2d 796, 798–99 (8 Cir. 1925); McCarty v. United States District Court, 19 F.2d 462 (8 Cir. 1927). See Smith v. Settle, 211 F.Supp. 514, 515 (W.D.Mo.1962). A corresponding state rule has been recognized and applied, under constitutional or statutory provisions, by the great majority of courts with respect to a state prisoner and another charge by the same state. See, for example, Arrowsmith v. State, 131 Tenn. 480, 175 S.W. 545, L. R.A.1915E, 363 (1915); People v. Prosser, 309 N.Y. 353, 130 N.E.2d 891, 57 A.L.R.2d 295 (1955); Commonwealth v. Hanley, 337 Mass. 384, 149 N.E.2d 608,

66 A.L.R.2d 222 (1958), cert. denied 358 U.S. 850, 79 S.Ct. 79, 3 L.Ed.2d 85; State v. McTague, 173 Minn. 153, 216 N. W. 787 (1927); 118 A.L.R. 1037.

■ But when we have confinement in a state institution, accompanied by a pending federal charge against the prisoner, or the reverse circumstance of a federal confinement, accompanied by a pending state charge, "a spirit of reciprocal comity" is required. Ponzi v. Fessenden, 258 U.S. 254, 259, 42 S.Ct. 309, 66 L.Ed. 607 (1922). The fact that an accused is in prison does not by itself make him immune from the second prosecution. At the same time, when a person accused by one sovereign is already incarcerated in the prison of the other, the authorities of the former are under no obligation to institute proceedings for the removal of the prisoner for trial on the pending charge. This court has recently so held in a case brought by a state prisoner with respect to a federal arrest warrant, Crow v. United States, 323 F.2d 888, 891 (8 Cir. 1963), where it was said that "the prisoner has no absolute right to a removal from state custody to stand trial on a federal charge," and, again, in proceedings by federal prisoners with respect to state charges, McWhorter v. Kennedy, 324 F. 2d 793 (8 Cir. 1963), and Potter v. Missouri, 325 F.2d 525 (8 Cir. 1963). See State v. Hall, 266 Minn. 74, 123 N.W.2d 116 (1963), and State v. Larkin, 256 Minn. 314, 98 N.W.2d 70, 71 (1959).

The McWhorter, Hall, and Larkin cases all show that it makes no difference that the prison authorities have indicated a willingness to produce the prisoner for trial by the other sovereignty whenever called upon so to do.

■ Potter v. Missouri, supra, controls this case. What the Bistrams are asking here is that the federal court project itself into the pendency of the Minnesota murder charge. In Potter we said, p. 526 of 325 F.2d, "Intervention by a federal court on behalf of a federal prisoner, in a case such as the instant case, to interfere with threatened criminal proceedings in a state court

cannot be justified". That statement has equal pertinency here and compels an affirmance of the district court's order denying the relief sought. This disposes of this appeal and we need go no further.

We do observe in passing, however, that if and when Minnesota should choose to prosecute either of the Bistrams under the 1949 murder indictment, whether this be before or at the time of release from federal custody, any claim which either or both of them may have under or because of the Sixth Amendment, or 18 U.S.C. § 4085, or the Minnesota Constitution, Art. 1, § 6, may then be asserted and decided upon the facts as then disclosed. Crow v. United States, supra, pp. 891–92 of 323 F.2d; McWhorter v. Kennedy, supra, p. 795 of 324 F.2d; State v. Hall, supra, pp. 117–18 of 123 N.W.2d.

Affirmed.