**Stephen Luther EVANS, Appellant,**

v.

**COUNTY OF DELAWARE, COMMONWEALTH OF PENNSYLVANIA.**

**No. 16962.**

United States Court of Appeals Third Circuit.

Submitted Feb. 9, 1968.

Decided March 6, 1968.

Rehearing Denied April 4, 1968.

---

I. United States v. Kahriger, 1953, 345 U.S. 22, 73 S.Ct. 510, 97 L.Ed. 754; Lewis v. United States, 1955, 348 U.S. 419, 75 S.Ct. 415, 99 L.Ed. 475.

Stephen Luther Evans, pro se.

Ralph B. D'Iorio, Asst. Dist. Atty., Paul R. Sand, Asst. Dist. Atty., Delaware County, Media, Pa. (Vram S. Nedurian, Asst. Dist. Atty., John R. Graham, First Asst. Dist. Atty., Media, Pa., on the brief), for appellee.

Before HASTIE, FREEDMAN and VAN DUSEN, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM.

This case is before the court on appeal from a district court order denying appellant's right to proceed in forma pauperis in prosecuting a Petition for A Declaratory Judgment seeking "an Order directed to the prosecuting authorities of * * *. (Delaware County, Pa. requiring them to) * * * institute the necessary proceedings to accord him his right to a speedy trial (on charges of armed robbery, burglary, receiving stolen goods and conspiracy) [1] * * *" or dismiss such charges.

While confined under a federal sentence, Appellant first forwarded a Motion to the state court asking for a speedy trial on March 17, 1967. After this Motion was denied, the above Petition was filed and denied by the district court in June, 1967. During this 100 day period Appellant was "confined in the United States Medical Center for Federal Prisoners, Springfield, Missouri" [2] and his treatment was presumably incomplete. It was not unreasonable for the law enforcement authorities to decline to bring petitioner one-half way across the country for his trial on the above charges within this four month period. Under these circumstances, this record does not show a denial by appellee of the right [3] to a speedy trial guaranteed by the Sixth Amendment to the Constitution of the United States. Cf. Bistram v. People of the State of Minnesota, 330 F.2d 450, 452–453 (8th Cir. 1964) and cases there cited.

Also it is noted that petitioner may always move for the dismissal of criminal charges pending against him in the state court, if his right to a speedy

---

1. Indictments Nos. 438–441, March Sessions, 1964, Criminal Courts of Delaware County, Pa.

2. Having been transferred to the U. S. Northeastern Penitentiary, Lewisburg, Pennsylvania, at some time in late July, 1967 so that he would be available for trial in the Quarter Sessions Court of Delaware County, Pennsylvania, the above criminal charges were listed for trial at the January Term, 1968. When Appellant appeared for trial on January 15, 1968 with the Delaware County Public Defender present to represent him, he asked the court to appoint other counsel "who is not affiliated nor a Public Defender," stating that he would like "counsel of my own ethnic group." The case was continued to January 22 at which time the Public Defender reported that Appellant had refused to cooperate with him and had refused to give him the names of any witnesses so that the case was continued "for the term." A letter of October 17, 1967 from the District Attorney attached to appellee's brief states that the charges could not be listed during the October, 1967 Criminal Term due to "the unavailability of either of the two material witnesses."

3. See Klopfer v. State of North Carolina, 386 U.S. 213, 222–226, 87 S.Ct. 988, 18 L.Ed.2d 1 (1967).

trial has been denied, and he may present any denial of this right to the Supreme Court of the United States by petition for certiorari after exhausting his appellate rights in the state courts. See *Bistram Case,* supra, at 453. The availability of declaratory judgment relief under 28 U.S.C. § 2201 to a federal prisoner in such a situation is limited to cases involving a far more unusual record than that now before this court. Cf. Sepulveda v. State of Colorado, 335 F.2d 581, 582–583 (10th Cir. 1964) and cases there cited.

The order of the District Court will be affirmed.