**Joe Fredrick McDONALD, Appellant,**

v.

**Dr. P. J. CICCONE, Director, Appellee.**

**No. 19663.**

United States Court of Appeals
Eighth Circuit.

April 10, 1969.

Joe F. McDonald, pro se, appellant.

Calvin K. Hamilton, U. S. Atty., Kansas City, Mo., for appellee.

Before MEHAFFY and GIBSON, Circuit Judges.

PER CURIAM.

Petitioner seeks to restrain or enjoin the federal government from delivering him back into the custody of the State of West Virginia where he is under an aggregate sentence of 25 years for armed robbery and a probation violation. He was removed therefrom on a writ of habeas corpus *ad prosequendum* issued out of the United States District Court for the Western District of Texas for the purpose of standing trial on a federal charge.

**30**

On petitioner's motion he was committed by the District Court for the Western District of Texas for psychiatric examination under § 4244, 18 U.S.C., the commitment being for a period not exceeding 90 days. The Attorney General designated the commitment to be at the Springfield Medical Center, Springfield, Missouri. Petitioner now seeks writ of prohibition against the United States forever prohibiting and preventing the respondent, Dr. Ciccone, Director of Springfield Medical Center, from surrendering the petitioner to the State of West Virginia. He also seeks to enjoin Dr. Ciccone from turning him over to the United States Marshal for return to the District Court in Texas until this case is decided.

The District Court for the Western District of Missouri denied any relief but allowed an appeal in forma pauperis, and denied an application for appointment of counsel. The petitioner now seeks appointment of counsel by this Court.

We are of the opinion that the original records and file of this proceeding conclusively show that petitioner is not entitled to any present relief and that the appeal is totally lacking in merit and is frivolous. The State of West Virginia has not lost its right or jurisdiction to have the petitioner serve the sentences imposed in that State. The federal court in Texas has the right to issue a writ of habeas corpus *ad prosequendum.* Carbo v. United States, 364 U.S. 611, 81 S.Ct. 338, 5 L.Ed.2d 329 (1961). This accords the petitioner a speedy trial in the federal court on a charge pending against him in accordance with constitutional guarantees. The release by the state authorities, however, is achieved as a matter of comity and not of right. Crow v. United States, 323 F.2d 888 (8 Cir. 1963); United States ex rel. Moses v. Kipp, 232 F.2d 147 (7 Cir. 1956); Stamphill v. Johnston, 136 F.2d 291 (9 Cir. 1943), cert. denied 320 U.S. 766, 64 S.Ct. 70, 88 L.Ed.2d 457; Lunsford v. Hudspeth, 126 F.2d 653 (10 Cir. 1942).

The consent of the petitioner is not necessary to the transfer to the federal court for trial nor does he have any standing to attack his return to the accommodating state jurisdiction. Opheim v. Willingham, 364 F.2d 989 (10 Cir. 1966); Krupnick v. United States, 286 F.2d 45 (8 Cir.1961). And "In order to preserve comity between the sovereigns, a prisoner should not be removed from state custody for a longer period than may be reasonably necessary for the purpose of a trial upon the federal charge." Crow, *supra* at 891 of 323 F.2d. See, Anno. Habeas Corpus *ad prosequendum,* 5 L.Ed.2d 964 (1961).

It appears obvious that when a defendant is committed for a mental examination under § 4244 he remains the ward of the committing court and that court retains jurisdiction over him. Johnston v. Ciccone, 260 F.Supp. 553 (W.D.Mo.1966); Seelig v. United States, 310 F.2d 243 (8 Cir. 1962). Petitioner is not attacking that jurisdiction and it appears there is no basis on this record for attacking that jurisdiction. The motion for an interlocutory injunction deferring the transfer back to the committing court pending the disposition of his present action is also without merit and is frivolous.

The appeal was docketed in this court on the basis of an order entered in the District Court permitting prosecution of the appeal in forma pauperis. In connection with the application for appointment of counsel we have had occasion to review the entire file and records of the proceeding and now find that the file and records conclusively show that the petitioner is not entitled to any present relief and the appeal is dismissed as it is legally frivolous.

Our dismissal of this appeal is taken regardless of whether the appeal is in forma pauperis or paid as the same standards of frivolousness apply in either case.

Appeal dismissed.