Carl A. MERCHANT, Jr., Appellant,

v.

STATE of Iowa, Appellee.

No. 84–1367.

Supreme Court of Iowa.

Sept. 18, 1985.

Edward J. Keane of Margolin, Gildemeister, Willia, Mugan & Keane, Sioux City, for appellant.

Thomas J. Miller, Atty. Gen., Pamela S. Greenman, Asst. Atty. Gen., and Charles N. Thoman, Asst. Co. Atty., for appellee.

Considered by REYNOLDSON, C.J., and McCORMICK, LARSON, CARTER, and WOLLE, JJ.

McCORMICK, Justice.

Petitioner Carl A. Merchant, Jr. is serving a federal sentence in federal prison. When released from federal prison, he is scheduled to start serving two Iowa sentences. In this postconviction action, he

contends upon several grounds that he should not have to serve the state sentences or that they are being served concurrently with his federal sentence. He was denied postconviction relief. Because we find no merit in his contentions, we affirm the postconviction court.

The issues are whether the Iowa sentencing court had authority to order the state sentences to be consecutive to the federal sentence, whether the doctrine of primary jurisdiction required that his Iowa sentences be served first, and whether the interruption of his state sentences terminated them or made them concurrent to his federal sentence.

In June 1982 petitioner was convicted and sentenced in federal court in South Dakota to ten years in prison for interstate transportation of stolen property. He was brought to Woodbury County on two state second-degree burglary charges and was held subject to federal detainer. In March 1983 petitioner was convicted and sentenced on the state charges to two ten year sentences to be served concurrently with each other and consecutively with the federal sentence.

On March 28, 1983, petitioner was taken by sheriff's officers to the Iowa Men's Reformatory at Anamosa to begin his state sentences. Reformatory officials raised a question about whether the federal sentence should be served first. An assistant county attorney in Woodbury County subsequently arranged for petitioner to be turned over to a federal marshal on March 30, 1983, for service of his federal sentence. The state mittimuses were lodged against petitioner as detainers to assure petitioner's return to Iowa to serve his state sentences at the conclusion of his federal imprisonment.

■■■ I. *Authority to order consecutive sentences.* Petitioner's challenge to the court's authority to order his Iowa sentences to be served consecutively to the federal sentence is without merit. Iowa adheres to the general rule that unless the Iowa sentencing court specifies otherwise an Iowa sentence is consecutive to the prior sentence of another sovereign. *See Herman v. Brewer,* 193 N.W.2d 540, 543–44 (Iowa 1972). In the present case the order is not silent but expressly shows the Iowa sentencing court's intention that the sentences of the two sovereigns be served consecutively. Thus the court's order merely confirms the sentencing court's intention that the general rule apply in this case. The fact that the result would have been the same without this provision in the order does not make the provision unlawful. At most the rule made the provision unnecessary, and that does not establish a ground for postconviction relief.

This situation is unaffected by Iowa Code section 901.8 (1983), which refers to multiple Iowa sentences. *See Herman,* 193 N.W.2d at 543–44. Nor is it affected by Iowa Code section 903A.5 (1985), adopted subsequently.

■■■ II. *Primary jurisdiction.* When a federal court and state court each have jurisdiction of a person, the doctrine of primary jurisdiction allows the tribunal which first obtained jurisdiction to hold it to the exclusion of the other until the first tribunal's jurisdiction is exhausted. *See In re Liberatore,* 574 F.2d 78, 89 (2nd Cir. 1982). This doctrine is merely a means for resolving jurisdictional disputes between the sovereigns and does not create a personal right in the affected individual. *McDonald v. Ciccone,* 409 F.2d 28, 30 (8th Cir.1969). Petitioner has no authority to invoke the doctrine in the present case. No dispute exists between the sovereigns, and the doctrine has no application.

III. *Effect of interrupting the state sentences.* Petitioner premises two arguments on the theory that his state sentences were unlawfully interrupted. He contends that he would be denied due process of law under the fourteenth amendment of the United States Constitution if he were required to serve those sentences, and he contends that the state waived the sentences, or, if not, that at least the sentences are running concurrently with his federal sentence.

■ A person under state and federal sentences has no constitutional right to serve one sentence before the other. The order in which the sentences are served is a matter of comity between the sovereigns. *See Alexander v. Wilson,* 189 Colo. 321, 324, 540 P.2d 331, 333 (1975). Moreover, we find no authority, nor has the petitioner cited any, that two days' incarceration under a state sentence gives the prisoner a protected constitutional right to have the state sentence completed before transfer to federal prison to serve a federal sentence. No state-created liberty interest is implicated and no unfairness of constitutional magnitude appears. We find no constitutional violation.

■ Petitioner's waiver argument is based on Iowa Code section 246.38 (1981), which provides in relevant part:

No inmate shall be discharged from the penitentiary or the men's or women's reformatory until he or she has served the full term for which the inmate was sentenced, less good time earned and not forfeited, unless the inmate is pardoned or otherwise legally released.

Petitioner argues that this statute is intended to prevent sentences from being served piecemeal. He asserts that because this statute was violated his state sentences were waived or are still running.

We believe the statute requires release from confinement to be under authority of law. Moreover, we find that the release of a state prisoner as a matter of comity in response to a detainer from another sovereign is lawful. Therefore petitioner was legally released even though he had served two days of his state sentences.

Cases relied upon by petitioner for a contrary result are plainly distinguishable. In *White v. Pearlman,* 42 F.2d 788 (10th Cir.1930), a prisoner was released from state prison prematurely by mistake without fault on his part. He reestablished his home, and the mistake was not discovered for two years. The court held that his sentence continued to run while he was at liberty. *Id.* at 789. In *Shields v. Beto,* 370 F.2d 1003 (5th Cir.1967), a Texas prisoner was furloughed from a Texas prison and extradited to Louisiana to complete a Louisiana sentence. He was paroled in Louisiana in 1944. In 1960 he was convicted and sentenced in federal court in Tennessee on a new offense. Upon his parole from the federal offense in 1962, he was returned by the federal court to Texas to serve time remaining on his Texas sentence. The court held that due process under the fourteenth amendment of the United States Constitution would be denied if Texas were permitted to require the prisoner to complete the Texas sentences after 28 years of inaction. *Id.* at 1006. In *Watson v. Enslow,* 183 Colo. 435, 517 P.2d 1346 (1974), the court held that the Colorado governor lacked authority under the Colorado extradition statute to return a prisoner to California eight years later than the time specified in the statute for his return. *Id.* at 439, 517 P.2d at 1349–50 (1974). In *In re Liberatore,* 574 F.2d 78 (2nd Cir.1978), the court held that a federal judge lacked authority to interrupt a state prisoner's state sentence to require him to serve a federal contempt sentence. Other cases cited by petitioner are similarly inapposite.

In the present case the release to federal authorities did not violate section 246.38. If petitioner had been turned over to the federal marshal before being transported to the reformatory, no question would exist of the lawfulness of the release. The fact that he was taken to the penitentiary and actually served two days of the state sentences does not change the character of the release or violate any right of petitioner under the statute. Assuming circumstances might arise that would make the release unlawful, no such circumstances existed here.

Cases in which states have lost their right over a prisoner have involved either a constitutional deprivation, an infringement of state law, or a substantial violation of the prisoner's rights. *See Crady v. Cranfill,* 371 S.W.2d 640, 643 (Ky.1963). Petitioner has not established a basis for relief in this case under section 246.38 or on any other ground. So long as he receives cred-

it against his Iowa sentences for the two days served on them, no unfairness or prejudice occurs in the present facts.

Petitioner's claim for postconviction relief is without merit.

AFFIRMED.