STATE of Iowa, Appellant,

v.

IOWA DISTRICT COURT FOR MITCHELL COUNTY, Appellee.

No. 90–1516.

Supreme Court of Iowa.

June 19, 1991.

Bonnie J. Campbell, Atty. Gen., Roxann M. Ryan, Asst. Atty. Gen., Jerry H. Folkers, County Atty., and Bryan H. McKinley, Asst. County Atty., for appellant.

Linda Del Gallo, State Appellate Defender and Andi S. Lipman, Asst. Appellate Defender, for appellee.

Considered by McGIVERIN, C.J., and CARTER, LAVORATO, SNELL, and ANDREASEN, JJ.

CARTER, Justice.

Darrell Luce pleaded guilty to two counts of second-degree burglary and one count of delivery of a controlled substance. In exchange for the plea, the State recommended that the sentences on these Iowa charges be concurrent rather than consecutive. The State urged to the court, however, that the provisions of a 1983 amendment to Iowa Code section 903A.5 precluded it from making these Iowa sentences concurrent with a prior unexpired prison sentence imposed on Luce by a Minnesota court for a criminal conviction in that state. At the time his Iowa sentences were pronounced, Luce had served sixteen months of a forty-eight-month sentence on the Minnesota conviction.

The district court sentenced Luce to a term of imprisonment not to exceed ten years on each burglary charge and five years on the controlled substance charge. The court ordered that these sentences run concurrently with each other. Notwithstanding the State's admonition concerning section 903A.5, the court also directed that these Iowa sentences be served concurrently with the Minnesota sentence which Luce was then serving.

The State has brought this original certiorari action, contending that the court was without authority to make Luce's Iowa sentences concurrent with the remaining

portion of his Minnesota sentence. Upon consideration of the arguments of the parties, we believe the State's contention is correct and accordingly sustain the writ of certiorari.

The issue presented in this original certiorari action involves the interpretation of a 1983 amendment to Iowa Code section 903A.5. That amendment, which was included in 1983 Iowa Acts chapter 147, section 6, provided, in pertinent part, as follows:

> An inmate shall not receive credit upon the inmate's sentence ... for time served in an institution or jail of another jurisdiction during any period of time the person is receiving credit upon a sentence of that other jurisdiction.

*Id.* This court has not previously interpreted this language. The court of appeals, however, has recently observed that, in ordering an Iowa sentence to run consecutively to an existing Texas sentence, the sentencing judge "was merely following the mandate of section 903A.5." *State v. Trammel,* 458 N.W.2d 862, 864 (Iowa App. 1990).

In *Merchant v. State,* 374 N.W.2d 245 (Iowa 1985), we stated that "unless the Iowa sentencing court specifies otherwise an Iowa sentence is consecutive to a prior sentence of another sovereign." *Id.* at 246. The sentencing in *Merchant* occurred prior to the enactment of 1983 Iowa Acts chapter 147, section 6. We expressly noted in that case that this enactment was inapplicable to the sentence involved on that appeal. *Id.* The State urges that the 1983 amendment negated any preexisting authority for a court to order an Iowa sentence to be served concurrently with an existing sentence in another jurisdiction.

The argument presented in support of the defendant judge's sentencing order is based entirely on the premise that the 1983 amendment to section 903A.5 upon which the State relies was only intended to regulate credit for time served in another jurisdiction prior to the time of sentencing. Our reading of this statute does not permit this interpretation. "As with all statutes, when a criminal statute is plain and its meaning clear, we look no farther than the express terms of the statute." *State v. Koplin,* 402 N.W.2d 423, 425 (Iowa 1987). The relevant language of section 903A.5 now provides that inmates shall not be credited with time served in another jurisdiction "during any period of time the person is receiving credit upon a sentence of that other jurisdiction."

We have recognized that, by definition, concurrent sentences are those which are served simultaneously. *Walton v. State,* 407 N.W.2d 588, 590 (Iowa 1987). Making Luce's Iowa sentence concurrent with his existing Minnesota sentence would have the effect of allowing credit on the Iowa sentence during the period of time that he was receiving credit against the Minnesota sentence. We believe this violates the legislative mandate expressed in 1983 Iowa Acts chapter 147, section 6.

Because the sentence imposed was, under our interpretation of section 903A.5, induced by a misapplication of a controlling statute, we sustain the writ of certiorari, vacate the sentence, and remand the case to the district court for resentencing on all counts.

WRIT SUSTAINED.