# IN THE COURT OF APPEALS OF IOWA

No. 19-0112
Filed June 17, 2020

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JOSEPH MICHAEL QUEZADA SIERRA,**
        Defendant-Appellant.
_____


        Appeal from the Iowa District Court for Woodbury County, Patrick H. Tott, Judge.


        The defendant challenges the imposition of a five-year prison sentence following his violation of the terms of his probation.  **AFFIRMED**


        Rees Conrad Douglas, Sioux City, for appellant.

        Thomas J. Miller, Attorney General, and Sheryl Soich, Assistant Attorney General, for appellee.


        Considered by Doyle, P.J., Ahlers, J., and Potterfield, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2020).

**POTTERFIELD, Senior Judge.**

In 2016, Joseph Quezada Sierra pled guilty to one count of possession with intent to deliver a controlled substance (marijuana), which is a class "D" felony.[1] He was granted a deferred judgment and placed on probation for two years. The State filed an application for revocation of Quezada Sierra's probation and, later, a supplemental violation report.

At the January 2019 revocation hearing, Quezada Sierra admitted the reported violations, including that he was recently charged with and pled guilty to felony drug possession with intent to deliver (marijuana) in Nebraska. He was scheduled to be sentenced in the Nebraska case in February 2019. The district court revoked Quezada Sierra's probation, entered judgment against him, and sentenced him to a term of imprisonment not to exceed five years.

On appeal, Quezada Sierra maintains the court abused its discretion by considering an improper factor when deciding his sentence. Our review of the imposed sentence is for errors at law. *State v. Thomas*, 547 N.W.2d 223, 225 (Iowa 1996). When reviewing a district court's sentencing decision, we will not reverse absent either an abuse of discretion or a defect in the sentencing procedure, such as the consideration of inappropriate matters. *See State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002).

---

[1] Iowa Code section 814.6(1)(a)(3) (2020) generally prohibits appeals from guilty pleas other than those for class "A" felonies or where a defendant establishes good cause. However, because judgment was entered against Quezada Sierra before July 1, 2019, when the amended code section took effect, his appeal is not prohibited. *See State v. Gordon*, ___ N.W.2d ___, ___, 2020 WL 2090108, at *4 (Iowa 2020) ("[T]he amendments do not apply retroactively to appeals *from judgments entered before July 1, 2019*." (emphasis added)).

In imposing sentencing, the district court stated:

[I]t's clear that the incident in [Nebraska] for which [Quezada Sierra] has pled guilty and is awaiting sentencing was a serious matter in light of the quantity of marijuana that was involved, which hasn't been disputed was over 114 pounds of marijuana, which was the same controlled substance that was involved in this case in 2016. While the court certainly understands the fact that youth may have played some role in this situation, youth tend to be impulsive, tend to make bad decisions going forward, so the court does give some consideration to [Quezada Sierra's] youth in determining this matter; but the fact of the matter is that the court doesn't believe at this time that there's a reasonable likelihood that [he] could be successful on probation here in Iowa for a variety of reasons: Those are being the seriousness of the nature of these offenses and the ongoing trafficking activity of controlled substances that [Quezada Sierra] has continued to engage in over the course of the last two and a half years; but also the likelihood of incarceration coming in a little over a month in the state of Nebraska would make any placement on probation here or at the residential treatment facility ineffectual because there would be no opportunity to complete such sentences, and the court does believe that it's highly likely that [he] will receive a period of incarceration in Nebraska in light of the level of the offense and the quantity involved and the recent history here in Iowa, both in Woodbury and Plymouth Counties.

Quezada Sierra maintains it was improper for the court to consider his upcoming sentence in Nebraska in determining the appropriate sentence.[2]

It is not improper for the sentencing court to consider the defendant's ability to comply with terms of probation in determining whether to grant probation. The central issue of *State v. Avalos Valdez*, 934 N.W.2d 585, 591 (Iowa 2019), was

---

[2] Quezada Sierra maintains this is improper because Iowa had primary jurisdiction over him. We find his claims of primary jurisdiction inapposite. *See Merchant v. State*, 374 N.W.2d 245, 246 (Iowa 1985) ("When a federal court and state court each have jurisdiction of a person, the doctrine of primary jurisdiction allows the tribunal which first obtained jurisdiction to hold it to the exclusion of the other until the first tribunal's jurisdiction is exhausted. This doctrine is merely a means for resolving jurisdictional disputes between the sovereigns and does not create a personal right in the affected individual. Petitioner has no authority to invoke the doctrine in the present case. No dispute exists between the sovereigns, and the doctrine has no application.").

whether the court could consider a defendant's immigration status in imposing sentence, which is not an issue here. But in deciding the sentencing court could consider immigration status, our supreme court reasoned it may be relevant to such proper considerations as the defendant's ability to comply with terms of probation, including whether the defendant was expected to remain in the community or whether supervision was possible. *See Avalos Valdez*, 934 N.W.2d at 594–595 (approving the court's consideration of whether the defendant would be deported in denying probation, reasoning, "[W]e think the court decided against probation for Avalos Valdez not because he was an unauthorized alien but because his immigration status meant he '[would not] be available' to undergo probation, as the court 'underst[ood] it,' and because of the quantity of marijuana involved. We do not see any constitutional defect in that ruling. The record indicated that Avalos Valdez would be taken into ICE custody and then deported as soon as he was no longer incarcerated. It is difficult to see how probation could have been implemented effectively for Avalos Valdez upon his deportation. Probation requires that the person be 'committed to the custody, care, and supervision' of 'the judicial district department of correctional services.' How would that supervision occur once Avalos Valdez had been removed to Mexico? And how would the conditions of probation be enforced?" (citation omitted)).

We see no issue with the district court's consideration of Quezada Sierra's upcoming sentence for a felony drug crime, to which he had already pled guilty. Much like the court in *Avalos Valdez*, the court here expressed its understanding that Quezada Sierra would be unable to perform the obligations of probation as he was expected to be imprisoned in Nebraska and would not be in the community.

The court also provided other reasons for its decision, including its belief Quezada Sierra would not be successful on probation.

Because Quezada Sierra has not shown the court considered an improper factor in determining his sentence, we affirm.

**AFFIRMED.**